UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE ANN CICCIARELLA and TANASHA RIETDYK, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>CALIFIA FARMS, LLC.,<br><br>           Defendant. | No. 7:19-cv-08785-CS<br><br>**DECLARATION OF MICHAEL R. REESE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN** |

Pursuant to 28 U.S.C. § 1746, I, Michael R. Reese, declare as follows:

1. I am the founding partner at Reese LLP, which, along with Sheehan & Associates, P.C., is counsel for Plaintiffs[1] in the above-captioned action. I am a member in good standing of the state bars of New York and California, as well as the bars of numerous federal courts, including, but not limited to, the U.S. District Courts for the Southern, Eastern, Western and Northern Districts of New York; the Northern, Central, Eastern, and Southern Districts of California; the Eastern District of Wisconsin; the District of Colorado; the District of New Mexico; and, the Southern and Northern Districts of Illinois. I am also a member of the federal bars of the U.S. Courts of Appeals for the Second, Seventh, Eighth, Ninth, and Tenth Circuits. I also am an adjunct professor at Brooklyn Law School where I teach on class actions and food law.

2. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Class Settlement Agreement, attached hereto as Exhibit 1.

1

3. The facts set forth in this declaration are based in part upon my personal knowledge and in part upon information I obtained from my co-counsel at Sheehan & Associates, P.C., and I would competently testify to them if called upon to do so.

## I. INTRODUCTION

4. Reese LLP and Sheehan & Associates, P.C. are the attorneys representing Plaintiffs Michelle Ann Cicciarella and Tanasha Rietdyk in the Action. We have been responsible for prosecution of the Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement negotiations.

## II. COMMENCEMENT OF ACTION, DISCOVERY, SETTLEMENT NEGOTIATIONS, AND SETTLEMENT

5. The attorneys representing Plaintiffs and the proposed Settlement Class performed extensive work identifying and investigating potential claims and drafting and filing the initial complaint and the Amended Class Action Complaint. Class Counsel continued to analyze Plaintiffs' claims throughout the pendency of the case.

6. Plaintiffs allege Defendant Califia Farms LLC ("Defendant") falsely and deceptively labeled its dairy-alternative beverages to mislead consumers as to the quantity, or lack thereof, of ingredients contained in the products.

7. On September 22, 2019, we filed the lawsuit in this Action.

8. We then engaged in discovery. Plaintiffs served document requests, and received over 79,000 pages of documents in response. These documents allowed us to evaluate the strength and weaknesses of the case.

9. The Parties also engaged in settlement negotiations, including an all-day mediation session on November 25, 2019 with Donald L. Morrow, an esteemed mediator with

JAMS. The mediation session ultimately led to the Settlement Agreement that is attached hereto as Exhibit 1.

### III. SETTLEMENT AGREEMENT AND RECOGNITION OF THE DIFFICULTIES ASSOCIATED WITH LITIGATION

10. On December 3, 2019, the parties in the Action entered into a Settlement Agreement regarding a proposed nationwide settlement.

11. Before entering into the Settlement Agreement, Class Counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses asserted in the Action. As part of that investigation, as well as through confidential informal and formal discovery, Class Counsel obtained over 79,000 pages of documents and extensive information from Defendant.

12. Based on extensive investigation and discovery, Plaintiffs believe they could obtain class certification, defeat any dispositive motions Defendant may file, and proceed to a trial on the merits. Plaintiffs and Class Counsel recognize, however, the costs and risks involved, including the expense and length of continued proceedings necessary to prosecute the claims through trial and any appeals and the uncertainty of the ultimate outcome of the case. Litigation to date has been costly and complicated; certainly, further litigation would be yet more costly, complex, and time-consuming. Such litigation could include contested class certification (and possibly decertification) proceedings and appeals, including competing expert testimony and contested *Daubert* motions; further costly nationwide discovery, including dozens of depositions, interrogatories, and requests for admission, and yet more voluminous document production; costly merits and class expert reports and discovery; and trial. Each step towards trial would likely be subject to Defendant's vigorous opposition and appeal. Even if the case were to proceed

to judgment on the merits, any final judgment would likely be appealed, which would take significant time and resources. These litigation efforts would be costly to all Parties and would require significant judicial oversight. Class Counsel took into account these factors, as well as the difficulties and delays inherent in complex class action litigation, when negotiating and evaluating the Settlement and entering into the Settlement Agreement.

13. Additionally, in the process of investigating and litigating the Action, Class Counsel conducted significant research on the consumer protection statutes at issue, as well as the overall legal landscape, to determine the likelihood of success and reasonable parameters under which courts have approved settlements in comparable cases.

14. In light of all of the foregoing, Class Counsel believe the Settlement confers substantial benefits upon the Settlement Class Members. Class Counsel have evaluated the Settlement and determined it is fair, reasonable, and adequate to resolve Plaintiffs' grievances and is in the best interest of the Settlement Class.

15. Defendant has denied, and continues to deny, that its marketing, advertising, and/or labeling of the Products is false, deceptive, or misleading to consumers or violates any legal requirement. Furthermore, Defendant has stated that but for the Settlement, it would vigorously oppose class certification.

**IV. CLASS COUNSEL AND PLAINTIFFS HAVE INVESTED SIGNIFICANT TIME IN THE PROSECUTION OF THE ACTION AND ARE ADEQUATE REPRESENTATIVES OF THE CLASS**

16. Throughout the course of investigation, pleadings, discovery, mediation, and filing of the Settlement Agreement with the Court, Class Counsel have devoted significant time and resources to the investigation, development, and resolution of the Action.

17. Each Plaintiff performed an important and valuable service for the benefit of the

Settlement Class. Each met, conferred, and corresponded with Class Counsel as needed for the efficient process of the litigation.

18. Each Plaintiff has participated in numerous interviews by Class Counsel, provided personal information concerning the litigation, and remained intimately involved in the mediation and litigation processes.

19. Each Plaintiff actively participated in discussions with Class Counsel related to the Settlement.

20. Class Counsel has substantial experience with consumer class actions in general and with consumer fraud and false advertising, specifically, and they have substantial experience negotiating class settlements.

21. Class Counsel are not representing clients with interests at odds with the interests of the Settlement Class Members.

22. Reese LLP has been appointed as class counsel for the prosecution of numerous class actions including but not limited to:

    a. *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-RLM (E.D.N.Y.);

    b. *Rapport-Hect v. Seventh Generation, Inc.*, 7:14-cv-09087-KMK (S.D.N.Y);

    c. *In re Vitaminwater Sales and Marketing Practices Litigation*, No. 1:11-md-02215-DLI-RML (E.D.N.Y.);

    d. *Chin v. RCN Corp.*, No. 1:08-cv-7349-RJS (S.D.N.Y.);

    e. *Barron v. Snyder's-Lance, Inc.*, No. 13-cv-62496-JAL (S.D. Fla.);

    f. *Huver v. Wells Fargo & Co.*, 4:08-cv-00507-RP-CFB (S.D. Iowa);

    g. *Wong v. Alacer Corp.*, No. CGC-12-519221 (San Francisco Super. Ct.);

    h. *Howerton v. Cargill, Inc.*, No. 1:13-cv-00336-LEK-BMK (D. Haw.);

      i.      *Red v. Unilever United States, Inc.*, No. 5:10-cv-00387 (N.D. Cal.); and

      j.      *Yoo v. Wendy's International Inc.*, No. 07-cv-04515-FMC (C.D. Cal.).

23. Attached hereto as Exhibit 2 is Reese LLP's firm résumé.

24. Attached here as Exhibit 3 is the firm resume of Sheehan & Associates, P.C.

25. Apart from the Settlement Agreement, there are no additional agreements between the Partier or with others made in connection with the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 4th, 2019 at New York, New York.


                                                  */s/ Michael R. Reese*
                                                  Michael R. Reese