**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE ANN CICCIARELLA and TANASHA RIETDYK, *individually on behalf of all others similarly situated*,<br><br>                    Plaintiffs,<br><br>      – against –<br><br>CALIFIA FARMS, LLC,<br><br>                    Defendant. | No. 7:19-cv-08785-CS<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF FORM NOTICE, AND SCHEDULING OF FINAL APPROVAL HEARING** |

Upon consideration of the Motion by Plaintiffs Michelle Ann Cicciarella and Tanasha Rietdyk for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing, and the entire record herein, the Court grants preliminary approval of the Settlement contained in the Parties' Class Settlement Agreement ("Settlement Agreement"), upon the terms and conditions set forth in this Order.  Capitalized terms and phrases in this Order shall have the same meaning they have in the Settlement Agreement.  The Court makes the following findings:

**FINDINGS OF FACT**

1.      Plaintiffs bring their Motion for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing before the Court, with the consent of Defendant Califia Farms, LLC ("Defendant").

2.      The Parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

1

3.      The Parties engaged in discovery, where Defendant provided Plaintiffs with extensive information and documents.

4.      In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

5.      The Parties entered into a Settlement Agreement pursuant to which they agreed to settle the Action, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice.

6.      The Court has reviewed the Settlement Agreement, including the exhibits attached thereto, and the Declarations of Michael R. Reese and Carla A. Peak, and exhibits attached thereto, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      **Stay of the Action.**  All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

2.      **Preliminary Class Certification for Settlement Purposes Only.**  Having made the findings set forth above, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class").  The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the

Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class.  If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of  class certification or any other issue. Defendant retains all rights to assert that the Action may not be certified as a class action, other than for purposes of this Settlement.

       3.     **Class Definition.**  The Settlement Class is defined as all persons and entities who, from August 7, 2014 to December 5, 2019, both resided in the United States (defined to including both states and territories of the United States), and purchased in the United States any of the Products listed in Exhibit A to the Settlement Agreement.  Excluded from the Settlement Class are: (a) Defendant's officers, directors, employees and attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class.

       4.     **Class Representatives and Class Counsel.**  The Court appoints Michael R. Reese of Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as class counsel for the Settlement Class.  Michelle Ann Cicciarella and Tanasha Rietdyk are hereby appointed as the Class Representatives.

5.      **Preliminary Settlement Approval.**  The Court preliminarily approves the

Settlement set forth in the Settlement Agreement as being within the range of possible approval

as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness

Act of 2005, subject to final consideration at the Final Approval Fairness Hearing provided for

below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the

Class.

6.      **Jurisdiction.**  The Court has subject-matter jurisdiction over the Action pursuant

to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it.  Additionally,

venue is proper in this District pursuant to 28 U.S.C. § 1391.

7.      **Fairness Hearing.**  A Fairness Hearing shall be held on March 13, 2020 at 10:00

a..m. at the United States District Court for the Southern District Court of New York in the

Courtroom 621 at 300 Quarropas Street, White Plains, New York, to determine, among other

things: (a) whether the Action should be finally certified as a class action for settlement purposes

pursuant to Rule 23(a), 23(b)(2) and (b)(3); (b) whether the Settlement of the Action should be

finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action

should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d)

whether Settlement Class Members should be bound by the releases set forth in the Settlement

Agreement; (e) whether Settlement Class Members and related persons should be permanently

enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action;

(f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses

should be approved pursuant to Rule 23(h); and (g) whether the application of the named

Plaintiffs for Class Representative Incentive Awards should be approved.  The submissions of

the Parties in support of the Settlement, including Class Counsel's application for Attorneys'

Fees and Expenses and the Class Representative Incentive Awards, shall be filed with the Court no later than forty-two (42) days prior to the deadline for submission of objections and may be supplemented up to seven (7) days prior to the Fairness Hearing.

8.    **Administration and Class Notice.**

a.    The Court accepts the recommendations of Class Counsel and Defendant, and hereby appoints KCC, LLC to serve as Settlement Administrator in accordance with the terms of the Settlement Agreement, and to help implement the terms of the Settlement Agreement.

b.    The proposed Class Notice, Summary Settlement Notice, and notice methodology described in the Settlement Agreement and in the Declaration of Carla A. Peak (the "Peak Declaration") are hereby approved.

c.    No later than fourteen (14) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice Plan to commence as described in the Peak Declaration.  Specifically, the Settlement Administrator shall establish a website that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information.  The website shall include materials agreed upon by the Parties and as further ordered by this Court.

d.    The Settlement Administrator shall disseminate any remaining notice, as stated in the Settlement Agreement and the Peak Declaration.

e.    Not later than ten (14) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) attests to the proper implementation of the Notice Plan.

f.      No later than ten (10) calendar days after the Settlement Agreement is filed with the Court, the Settlement Administrator, with assistance from the Parties as needed, shall mail or cause the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a).

9.      **Findings Concerning Notice.**  The Court finds that the form, content, and method of giving notice to the Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

10.      **Exclusion from Settlement Class.**  Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Settlement under this Agreement. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period.  Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Settlement Administrator by U.S. Mail a personally signed letter including their name and address and providing a clear statement communicating

that they elect to be excluded from the Settlement Class.  Any request for exclusion must be postmarked on or before the Opt-Out Date specified in this Preliminary Approval Order.  Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendant or other Released Persons (as defined in the Settlement Agreement) relating to the claims and transactions released in this Action.

11.    **Objections and Appearances.**  Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date.  Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), and filed with the Court, with a copy delivered to Class Counsel and Defendant's Counsel at the addresses set forth in the Class Notice, no later than the Objection Date.  The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a declaration submitted under penalty of perjury that the objector purchased the Products during the period of time described in the Settlement Class definition or receipt(s) reflecting such purchase(s); (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) the objector's signature.

Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through

counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses and Class Representative Incentive Awards.  Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendant's Counsel, and file the notice of appearance with the Court, no later than twenty (21) days before the Final Approval Hearing, or as the Court may otherwise direct.

Any Settlement Class Member who fails to comply with Section VI.6.2 of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action, including, but not limited to, the Released Claims and the releases in Section VII of the Agreement.

Class Counsel shall have the right, and Defendant shall reserve its right, to respond to any objection no later than seven (7) days before the Final Approval Hearing.  The Party so responding shall file a copy of the response with the Court and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually-hired attorney for the objecting Settlement Class Member, to all Class Counsel, and to Defendant's Counsel.

12.    **Disclosures.**  The Settlement Administrator, Defendant's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

13.    **Termination of Settlement.**  This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions

existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

14.   **Nationwide Stay and Preliminary Injunction.**  Effective immediately, any actions or proceedings pending in any state or federal court in the United States involving the labeling or marketing of Defendant's Products, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action.

In addition, pending the final Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from demanding, threatening, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction in the United States (defined to including both states and territories of the United States) arising out of or relating to the Products or the facts and circumstances at issue in the Action.

Also, pending the final Fairness Hearing and issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are

hereby preliminarily enjoined from demanding, threatening, filing, commencing, prosecuting, or maintaining any other lawsuit on behalf of members of the Settlement Class, if such other action is based on or relates to Defendant's Products.

Under the All Writs Act, the Court finds that issuance of this nationwide stay and injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action.  The Court finds no bond is necessary for issuance of this injunction.

15.    **Effect of Settlement Agreement and Order.**  Class Counsel, on behalf of the Settlement Class, and Defendant entered into the Agreement solely for the purpose of compromising and settling disputed claims.  This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered, or received as evidence of a presumption, concession, or admission on the part of Plaintiffs, Defendant, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession, or admission by any person of any fault, wrongdoing, breach, or liability, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

16.    **Retaining Jurisdiction.**  This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.  If the Settlement receives final approval, this Court shall retain jurisdiction over any action to enforce the release provisions in the Settlement Agreement.

17.     **<u>Continuance of Hearing.</u>**  The Court reserves the right to adjourn or continue the Final Approval Hearing without further written notice.

The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

a.      Plaintiffs shall file theirs Motion for Final Approval of the Settlement by no later than January 31, 2020.

b.      Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Expenses, and Motion for Incentive Award by no later than January 31, 2020.

c.      Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and the Motion for Incentive Award by no later than February 14, 2020.

d.      Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than February 14, 2020.

e.      Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than February 21, 2020.

f.      The Settlement Administrator shall file a declaration or affidavit with the Court that confirms the implementation of the Notice Plan pursuant to the Preliminary Approval Order February 28, 2020.

g.      Class Counsel and Defendant's Counsel shall have the right to respond to any objection no later than March 6, 2020.

h.      The Fairness Hearing will take place on March 13, 2020 at 10:00 a.m. at the United States District Court for the Eastern District Court of New York in the Courtroom 621 at 300 Quarropas Street, White Plains, New York.

**SO ORDERED this \_\_\_ day of December, 2019:**

 

 

 

_____
Honorable Cathy Seibel
United States District Judge