# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MICHELLE ANN CICCIARELLA and
TANASHA RIETDYK, individually and on
behalf of all others similarly situated,

                Plaintiffs,

    v.

CALIFIA FARMS, LLC

                Defendant.

Case No.: 7:19-cv-08785-CS

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iv

I.      INTRODUCTION AND PROCEDURAL BACKGROUND .............................................1

II.     THE TERMS OF THE PROPOSED SETTLEMENT ........................................................2

        A.      Certification of the Settlement Class .........................................................3

        B.      Relief for the Members of the Settlement Class .......................................3

        C.      Incentive Awards and Attorneys' Fees and Expenses .............................3

        D.      Settlement Notice ...........................................................................................4

III.    ARGUMENT ...................................................................................................................5

        A.      The Court Should Preliminarily Approve the Settlement Agreement ...................5

                1.      Legal Standard .................................................................................5

                        (A).    The Class Representatives and Class Counsel Have
                                Adequately Represented the Class ................................................7

                        (B).    The Settlement was Negotiated at Arm's Length ..............................8

                        (C).    The Substantial Monetary and Injunctive Relief Provided for
                                the Settlement Class is Adequate ........................................................8

                        (i)     The costs, risks, and delay of trial and appeal weigh in
                                favor of preliminary approval ........................................................9

                        (ii)    The effectiveness of any proposed method of distributing
                                relief to the Settlement Class and processing class-members
                                claims weigh in favor of preliminary approval..............................11

                        (iii)   The terms of the proposed award of attorneys' fees weigh
                                in favor of preliminary approval ...................................................11

                        (iv)    Agreements required to be identified under Rule 23(e)(3)............12

B.     The Court Should Preliminarily Certify the Settlement Class ..............................13

     1.     The Settlement Class Meets All Prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure ...............................................................13

         (i)     Numerosity ..................................................................................13

         (ii)     Commonality ...............................................................................13

         (iii)     Typicality ....................................................................................14

         (iv)     Adequacy of representation .........................................................15

     2.     The Settlement Class Meets All Rule 23(b)(2) Requirements ...................16

     3.     The Settlement Class Meets All Rule 23(b)(3) Requirements ...................16

         (i)     Common legal and factual questions predominate in this action ..........................................................................................16

         (ii)     A class action is the superior means to adjudicate Plaintiffs' claims ..........................................................................................17

C.     The Court Should Approve the Proposed Notice Plan ..........................................18

IV.     PROPOSED SCHEDULE OF EVENTS ........................................................................20

V.     CONCLUSION ..............................................................................................................21

**TABLE OF AUTHORITIES**

**Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) ........................................................ 17

*Babcock v. C. Tech Collections, Inc.*,
2017 U.S. Dist. LEXIS 44548, (E.D.N.Y. Mar. 27, 2017) ........................................................ 10

*Banyai v. Mazur*, 2007 U.S. Dist. LEXIS 22342 (S.D.N.Y. Mar. 27, 2007) .................................. 9

*Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013) ........................................................ 15

*Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231 (E.D.N.Y. 2010) ................................ 10

*Elkind v. Revlon Consumer Prods. Corp.*,
2017 U.S. Dist. LEXIS 24512 (E.D.N.Y. Feb. 17, 2017) ........................................................ 8

*Fogarazzao v. Lehman Bros.*, 232 F.R.D. 176 (S.D.N.Y. 2005) .................................................. 14

*Hadel v. Gaucho*, LLC,
2016 U.S. Dist. LEXIS 33085 (S.D.N.Y. Mar. 14, 2016) ........................................................ 6

*Handschu v. Special Servs. Div.*, 787 F.2d 828 (2d Cir. 1986) .................................................. 19

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*,
241 F.R.D. 185 (S.D.N.Y. 2007) ........................................................ 15

*In re Nassau Cty. Strip Search Cases*, 461 F.3d 219 (2d Cir. 2006) .......................................... 17

*In re Nissan Radiator/Transmission Cooler Litig.*,
2013 U.S. Dist. LEXIS 116720 at *19 (S.D.N.Y. May 30, 2013) .............................................. 14

*Khait v. Whirlpool Corp.*,
2010 U.S. Dist. LEXIS 4067 (E.D.N.Y. Jan. 20, 2010) ........................................................ 12

*Long v. HSBC USA Inc.*, 2015 U.S. Dist. LEXIS 122655 (S.D.N.Y. Sep. 11, 2015) ................. 10

*Manley v. Midan Rest. Inc.*, 2016 U.S. Dist. LEXIS 43571 (S.D.N.Y. Mar. 30, 2016) ................ 6

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997) ........................................................ 13
*McReynolds v. Richards-Cantave*, 588 F.3d 790 (2d Cir. 2009) .............................................. 6

*Morangelli v. Roto-Rooter Servs. Co.*,
2014 U.S. Dist. LEXIS 7414 (E.D.N.Y. Jan. 6, 2014) ........................................................ 9

*Puglisi v. TD Bank, N.A.*,
2015 U.S. Dist. LEXIS 100668 (E.D.N.Y. July 30, 2015 ........................................... 11

*Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70 (2d Cir. 2015) ........................... 14

*Springer v. Code Rebel Corp.*, 2018 U.S. Dist. LEXIS 61155 (S.D.N.Y. Apr. 10, 2018) ............. 6

*Vargas v. Capital One Fin. Advisors*, 559 F. App'x 22 (2d Cir. 2014) ....................................... 19

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ............................................. 13

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) ........................................ 6

*Willix v. Healthfirst, Inc.*, 2011 U.S. Dist. LEXIS 21102 (E.D.N.Y. Feb. 18, 2011) .................... 9

*Zeltser v. Merrill Lynch & Co.*,
2014 U.S. Dist. LEXIS 135635 (S.D.N.Y. Sep. 23, 2014) ........................................... 9

## **Rules**

Federal Civil Procedure Rule 23 .......................................................................... *passim*

Plaintiffs[1] Michelle Ann Cicciarella ("Cicciarella"), Tanasha Rietdyk ("Rietdyk"), Daniel Mitchell ("Mitchell"), Adriana Pena ("Pena"), Kayla Villanueva ("Villanueva"), and Kristen Landeros ("Landeros") individually and on behalf of all others similarly situated, respectfully submit this memorandum of law in support of Plaintiffs' unopposed motion for preliminary approval of the Parties' Settlement Agreement.

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

In the operative complaint before this Court (ECF No. 7) ("Complaint" or "Action"), plaintiffs Cicciarella and Rietdyk have asserted claims on behalf of a nationwide class that defendant Califia Farms, LLC ("Defendant"), deceptively and misleadingly labeled its dairy-alternative beverage products ("Products") by misstating the quantity of ingredients in those Products.[2]  Similar claims are asserted by plaintiffs Mitchell, Pena, Villanueva, and Landeros in an action pending in California state court.  The Settlement Agreement submitted for preliminary approval provides excellent relief to Settlement Class Members, providing a refund for consumers with proof of purchase of 100% of the inflated portion of the price they paid for the Products, and a refund of 81% of the inflated amount to consumers without proof of purchase, for a total value of three million dollars ($3,000,000).  The Settlement Agreement also provides for excellent injunctive relief, as it requires Defendant to change its labeling and practices so they are no longer misleading to consumers.

Reese LLP and Sheehan & Associates, P.C. ("Class Counsel") have engaged in extensive discovery and a series of settlement negotiations, including a full day mediation before esteemed mediator Donald L. Morrow of JAMS that have resulted in the excellent results of the

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning that the Settlement Agreement ascribes to them. (*See generally* Class Settlement Agreement (filed concurrently herewith).) References to "§ __" are to sections in the Settlement Agreement.

[2] (Settlement Agreement, Exhibit A).

Settlement.[3] Plaintiffs' objectives in filing the Action were to remedy the allegedly deceptive representations in Defendant's labeling regarding the quantity of ingredients in the Products and to compensate Settlement Class members damaged by the alleged misrepresentations. Through the Settlement Agreement, Plaintiffs have achieved both objectives. [4]

The Parties only reached the Settlement after conducting discovery and engaging in arm's-length negotiations, including a mediation session with an esteemed mediator from JAMS.[5] While providing significant benefits for the Settlement Class members, the Settlement also takes into account the substantial risks the Parties would face if the Action progressed.[6]

For all of the reasons given herein, Plaintiffs respectfully ask the Court to grant preliminary approval of the Settlement, allowing the Claims Administrator to provide notice to the Settlement Class members, and to schedule a Final Approval Fairness Hearing to consider final approval of the Settlement. *See* FED. R. CIV. P. 23(e). Plaintiffs also respectfully request to be appointed as representatives for the Settlement Class and for their counsel to be appointed as Class Counsel. *See* FED. R. CIV. P. 23(g). The Court should also approve the notice program to which the Parties agreed in the Settlement, as it meets the requirements of due process and is the best notice practicable under the circumstances. *See* FED. R. CIV. P. 23(c).

## II.    THE TERMS OF THE PROPOSED SETTLEMENT

The Settlement Agreement defines the Settlement Class, describes the Parties' agreed-upon Settlement relief, and proposes a plan for disseminating notice to the Settlement Class members.

---

[3] *See* Declaration of Michael R. Reese in Support of Unopposed Motion for Preliminary Approval filed concurrently herewith ("Reese Decl.") at ¶ 9.

[4] *See* Complaint, ECF No. 7.

[5] Reese Decl. Reese ¶¶ 5-9.

[6] *Id.* at ¶¶ 10-15.

### A. Certification of the Settlement Class

Under the Settlement Agreement, the Parties agree to seek certification of a nationwide Settlement Class defined as follows:

> All purchasers nationwide of all Califia Products listed in Exhibit A to the Settlement Agreement from August 7, 2014, through the date of the Preliminary Approval Order that pertain to challenges to any representations on their labels that were asserted or could have been asserted in the Action.

> The Settlement Class excludes any claims for personal injury. Also excluded from the Settlement Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

### B. Relief for the Members of the Settlement Class

The Settlement Agreement provides for significant injunctive and monetary relief.

With respect to monetary relief, the Settlement Agreement provides that Defendant will provide refunds in an amount up to $3,000,000 to pay timely, valid, and approved Claims. Consumers with proof of purchase will get a refund of $1.00 per purchase, which represents over 100% of the inflate amounted paid (which is 61 cents). Consumers without proof of purchase will get 50 cents, which represents 81% of the inflated amount. Defendant will also separately pay all costs of notice and claims administration; judicially approved Incentive Awards; and, judicially approved Attorneys' Fees and Expenses. (§ 4.13; 6.3).

### C. Incentive Awards and Attorneys' Fees and Expenses

Defendant has agreed not to oppose an application for payment of Incentive Awards of up to $5,000 to each of the named Plaintiffs to compensate them for the actions they took in their capacities as class representatives. (§ 6.3.) Defendant has also agreed not to oppose an application for payment of $750,000 for attorneys' fees to Class Counsel and for reimbursement

of litigation expenses as compensation for Class Counsel's work on the Actions. (§ 6.3).

### D. Settlement Notice

The Settlement Agreement proposes that the Court appoint KCC, LLC ("KCC") to administer the notice process and outlines the forms and methods by which notice of the Settlement Agreement will be given to the Settlement Class members, including notice of the deadlines to opt out of, or object to, the Settlement. (§ 2.6.)

In terms of the methods of notice, the Parties developed a robust notice program[7] with the assistance of KCC that includes: (1) comprehensive digital media based notice; (2) national print media through publication in *USA Today*; (3) a dedicated Settlement Website through which Settlement Class members can obtain more detailed information about the Settlement and access case documents; and (4) a toll-free telephone helpline through which Settlement Class members can obtain additional information about the Settlement and request the class notice and/or a Claim Form. (*See* Declaration of Carla A. Peak ("Peak Decl.") at ¶¶ 9-25). The notice plan has been designed to deliver an approximate 70% reach with an average frequency of 2.5 times each. (Peak Decl. at ¶ 26.)

Under the Settlement Agreement, the Settlement Website will post Settlement-related and case-related documents such as the Settlement Agreement, the Summary Notice, the Long-Form Notice, and the Preliminary Approval Order. The Settlement Website will also include procedural information regarding the status of the Court approval process, such as announcements of the Final Approval Hearing date and when the Final Order and Judgment has been entered. (Peak Decl. ¶ 23.) To allow for the maximum convenience of the Settlement Class Members, claims may be submitted online.

---

[7] The details of the notice program are set forth in the Declaration of Carla A. Peak, filed concurrently herewith.

# III.    ARGUMENT

## A.    The Court Should Preliminarily Approve the Settlement Agreement

Class Counsel have worked steadfastly to reach a fair, reasonable, and adequate Settlement. (*See generally* Reese Declaration). Plaintiffs and their counsel believe the claims the Settlement resolves are strong and have merit. (*Id.* at ¶ 12.) They recognize, however, that significant expense and risk are associated with continuing to prosecute the claims through trial and any appeals. (*Id.*) In negotiating and evaluating the Settlement, Plaintiffs and Class Counsel have taken these costs and uncertainties into account, as well as the delays inherent in complex class action litigation. (*Id.*) Additionally, in the process of investigating and litigating the Actions, Class Counsel conducted significant research on the consumer protection statutes at issue, as well as the overall legal landscape, to determine the likelihood of success and reasonable parameters under which courts have approved settlements in comparable cases. (*Id.* at ¶ 13.) In light of all of the foregoing, Class Counsel believe the present Settlement provides significant relief to the Settlement Class members and is fair, reasonable, adequate, and in the best interests of the Settlement Class. (*Id.* at ¶ 14.)

### 1.    Legal Standard

Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, as amended in December 2018, a court may preliminarily approve a class action settlement such that notice may be disseminated to class members if the Court will likely be able to find "that [the settlement agreement] is fair, reasonable, and adequate" after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.*

The Second Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2018 U.S. Dist. LEXIS 61155, at *7 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) ("*Visa*")); *see also Hadel v. Gaucho*, LLC, 2016 U.S. Dist. LEXIS 33085, at *4 (S.D.N.Y. Mar. 14, 2016) ("Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere."). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa* at 116 (quoting Manual for Complex Litigation (Third) § 30.42 (1995)).

"Preliminary approval is the first step in the settlement of a class action whereby the court must preliminarily determine whether notice of the proposed settlement . . . should be given to class members in such a manner as the court directs, and an evidentiary hearing scheduled [later] to determine the fairness and adequacy of settlement." *Manley v. Midan Rest. Inc.*, 14 Civ. 1693, 2016 U.S. Dist. LEXIS 43571, at *21 (S.D.N.Y. Mar. 30, 2016). Courts often

grant preliminary settlement approval without requiring a hearing or a court appearance. *Id., see also Hernandez v. Merrill Lynch & Co., Inc.*, 2012 U.S. Dist. LEXIS 165771 (S.D.N.Y. Nov. 15, 2012 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval of class action settlement based on plaintiffs' memorandum of law, attorney declaration, and exhibits).

> **(A).** **The Class Representatives and Class Counsel Have Adequately Represented the Class**

Plaintiffs and Class Counsel have more than adequately represented the interest of the Settlement Class in this case. Plaintiffs were extensively involved in this Action, including by reviewing the complaint and settlement agreement and through extensive communications with Class Counsel regarding the status of the case. Through Plaintiffs' work they were able to fulfill their responsibility of advancing and protecting the interests of the Class and evaluating the proposed Settlement to determine that it was in the best interests of the Settlement Class.

Class Counsel has also more than adequately represented the Settlement Class. As detailed herein, Class Counsel performed an extensive investigation into the claims at issue; conducted extensive discovery into the basis of the potential settlement; and, conducted vigorous negotiations through a respected JAMS mediator. Class Counsel have relied on their significant experience in litigating and resolving class actions, including consumer class actions relating to mislabeled food products, in order to reach a Settlement that Class Counsel believes is an excellent result for the Settlement Class. Reese Decl. Ex. 2 (firm resume). This determination was buttressed by information Defendant provided to Plaintiff as part of settlement negotiations. This Settlement is also comparable to other, similar settlements that have been litigated by Class Counsel and approved by courts in this Circuit, including *Rapoport-Hecht v. Seventh Generation, Inc.*, No. 7:14-cv-09087-KMK (S.D.N.Y.) (consumer fraud class action involving consumer products) and *Frohberg v. Cumberland Packing Corp.*, case no. 14-cv-00748

(E.D.N.Y.)(settlement for label misrepresentations regarding sugar-substitute sweetener).

### (B).        The Settlement was Negotiated at Arm's Length

The Settlement here was negotiated at arm's length through an in-person full day mediation with a respected JAMS mediator. *See* Reese Decl., ¶ 9; *Elkind v. Revlon Consumer Prods. Corp.*, 2017 U.S. Dist. LEXIS 24512, at *48 (E.D.N.Y. Feb. 17, 2017) ("participation by a neutral third party supports a finding that the agreement is non-collusive.").

### (C).        The Substantial Monetary and Injunctive Relief Provided for the Settlement Class is Adequate

The Settlement provides significant and adequate relief for members of the Settlement Class. Rule 23(e)(2)(C) identifies the following factors to be considered in assessing whether the class relief is adequate:

> (i) the costs, risks, and delay of trial and appeal;

> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

> (iv) any agreement required to be identified under Rule 23(e)(3).

*Id.* As an initial, overarching consideration, the Settlement provides significant and meaningful monetary and injunctive relief to the Settlement Class. With respect to monetary relief, Claimants with proof of purchase are entitled to refunds of $1.00 per Product. This is significant, given that damages in this matter are measured on the inflated amount that consumers paid for the products. Here, when compared to competitors' products, the inflated amount is 61 cents. *See* Complaint, ECF No. 7 at ¶8). Accordingly, consumers with proof of purchase are receiving more than 100% of the damages they would be expected to win at trial. For consumers without proof of purchase, they will receive 50 cents per Product. This represents

81% of the damages amount, a considerable amount given the risk of certifying a class and achieving victory at trial. Moreover, when a settlement "assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable under this factor." *Morangelli v. Roto-Rooter Servs. Co.*, 2014 U.S. Dist. LEXIS 7414, at *22 (E.D.N.Y. Jan. 6, 2014).

The Settlement Class and the public will also benefit from the significant injunctive relief secured by the Settlement Agreement, including Defendant's extensive modifications to its practices and labeling of the Products. *See* § III. The gravamen of the Action is that Defendant is deceiving consumers in the marketing and labeling of the ingredients in its Products. The injunctive relief the Settlement provides will cure the alleged deception. These changes will greatly benefit both the Settlement Class members and future consumers. *In re Tracfone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1005 (N.D. Cal. 2015) (settlement's change to marketing materials was "significant value for both class members and the general public" because it was "designed to make it clear to customers exactly what" the defendant was selling).

(i).     The costs, risks, and delay of trial and appeal weigh in favor of preliminary approval

The relief to the Settlement Class is also more than adequate in light of the costs, risks and time required to litigate this action through trial and appeal. "Litigation inherently involves risks." *Willix v. Healthfirst, Inc.*, 2011 U.S. Dist. LEXIS 21102, at *11 (E.D.N.Y. Feb. 18, 2011). "[I]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *Banyai v. Mazur*, 2007 U.S. Dist. LEXIS 22342, at *30 (S.D.N.Y. Mar. 27, 2007); *accord Zeltser v. Merrill Lynch & Co.,* No. 13 Civ. 1531, 2014 U.S. Dist. LEXIS 135635, at *14 (S.D.N.Y. Sep. 23, 2014). "The greater the 'complexity, expense and likely

duration of the litigation,' the stronger the basis for approving a settlement." *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 663 (S.D.N.Y. 2015). Consumer class action lawsuits by their very nature are complex, expensive, and lengthy. *See, e.g., Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 239 (E.D.N.Y. 2010); *see also Manley v. Midan Rest. Inc.*, 2016 U.S. Dist. LEXIS 43571, at *9 (S.D.N.Y. 2016) ("Most class actions are inherently complex [.]").

This Action is no different, where litigating the case to a successful judgment providing classwide relief will require that Plaintiffs, *inter alia*, prevail in their motion for class certification and ultimately obtain a class judgment following trial. This process, as with any class action litigation, will be fraught with risks at every stage, and at the end of the day, while Plaintiffs believe Defendant's labeling to be misleading, a jury might not agree. Litigation would also incur immense costs and expenses that ultimately would likely be assessed against any recovery by the Class, and may not result in any tangible recovery for years, especially if any appeal (or appeals) were taken.

Further, if Plaintiffs were successful in obtaining certification of a litigation class, the certification would not be set in stone. *Long v. HSBC USA Inc.*, 2015 U.S. Dist. LEXIS 122655, at *11 (S.D.N.Y. Sep. 11, 2015) ("A contested motion for certification would likely require extensive discovery and briefing, and, if granted, could potentially result in an interlocutory appeal pursuant to Fed.R.Civ.P. 23(f) or a motion to decertify by defendants, requiring additional briefing."). Given the risks, costs, and potential delays inherent in litigating this class action to judgment, this factor weighs heavily in favor of preliminary approval. *See Babcock v. C. Tech Collections, Inc.*, No. 1:14-CV-3124 (MDG), 2017 U.S. Dist. LEXIS 44548, at *16 (E.D.N.Y. Mar. 27, 2017) (class settlement "eliminates the risk, expense, and delay inherent in the litigation process.").

(ii).     **The effectiveness of any proposed method of distributing relief to the Settlement Class and processing class-member claims weighs in favor of preliminary approval**

The Parties have retained a very experienced Settlement Administrator, KCC, LLC, who is highly skilled in processing class claims and distributing the proceeds to Claimants. As described above, the Settlement Agreement provides that Claimants will receive payments based on whether they provide proof of purchase. *See supra*, Section II.B. Claimants who provide proof of purchase receive a $1.00 per purchase, while Claimants who do not provide proof of purchase will receive 50 cents per purchase. *See id.* As explained by the 2018 Committee Notes, a "claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." The proposed method of processing claims here strikes that delicate balance, and this factor weighs in favor of preliminary approval.

(iii).     **The terms of the proposed award of attorneys' fees weigh in favor of preliminary approval**

The Settlement Agreement provides that Class Counsel may apply for an award of attorneys' fees and expenses of $750,000, which equates to 25% of the value of the monetary portion of the settlement. *See* § 6.1. Such request has frequently been granted in class actions in this Circuit, including consumer class actions. *See, e.g., Mayhew v. KAS Direct, LLC*, 7:16-cv-06981-VB (S.D.N.Y.), ECF No. 149 (33.3% of $2,215,000 settlement); *Rapoport-Hecht v. Seventh Generation, Inc.*, No. 14-CV-9087 (KMK), 2017 U.S. Dist. LEXIS 219060, at *8-9 (S.D.N.Y. Apr. 28, 2017) (33.3% of $4.5 million settlement); *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637 (GRB), 2015 U.S. Dist. LEXIS 100668, at *3-4 (E.D.N.Y. July 30, 2015) (awarding 33.3% of $9.9 million settlement); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 U.S. Dist. LEXIS 4067, at *4, *23 (E.D.N.Y. Jan. 20, 2010) (33.3% of $9.25 million settlement). As the

maximum attorney's fees and expenses Plaintiff may seek are in line with typical awards in this Circuit, and the fee and expense request will be reviewed by the Court (and available for review by the Settlement Class), this factor weighs in favor of preliminary approval.

**(iv).  Agreements required to be identified under Rule 23(e)(3)**

Apart from the Settlement Agreement, there are no additional agreements between the Parties or with others made in connection with the Settlement.  *See* Reese Decl., ¶ 25. Accordingly, this factor weighs in favor of preliminary approval of the Settlement.

**1.    The Settlement Treats Class Members Equitably Relative to Each Other**

Each member of the Settlement Class is treated in the same manner with respect to the claims they are releasing and their eligibility for an award, with the amount of the award solely dependent on whether or not the Settlement Class member can provide proof of purchase or not. *See* § 4.4.  This does not mean that the Settlement creates different tiers of Settlement Class members who are not treated equally, but instead provides any Claimant the ability to obtain a refund commiserate with whether they are able to provide proof of their purchase, and a lesser, but still significant payment for a limited number of purchases, if they cannot.  *See id.*  Requiring proof of purchase for full refund is fully in line with the 2018 Committee Notes' directive to "deter or defeat unjustified claims" without being "unduly demanding."  *See id.*

**B.    The Court Should Preliminarily Certify the Settlement Class**

A court may certify a settlement class upon finding that the action underlying the settlement satisfies all Rule 23(a) prerequisites and at least one prong of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 619–22 (1997). As Plaintiffs set forth below, the proposed Settlement Class satisfies all of the requirements of Rules 23(a), 23(b)(2) and 23(b)(3),

and, consequently, Plaintiffs respectfully ask the Court to certify the Settlement Class preliminarily for settlement purposes.

### 1. The Settlement Class Meets All Prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure

Rule 23(a) has four prerequisites for certification of a class: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequate representation. FED. R. CIV. P. 23(a). The Settlement Class meets each prerequisite and, as a result, satisfies Rule 23(a).

#### (i) Numerosity

Under Rule 23(a)(1), plaintiffs must show that the proposed class is "so numerous that joinder of all [its] members is impracticable." FED. R. CIV. P. 23(a)(1). The Second Circuit has found numerosity met where a proposed class is "obviously numerous." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). Here, there is no dispute that thousands of people nationwide purchased the Products during the Class Period. Numerosity is easily satisfied. *Id.*

#### (ii) Commonality

Under Rule 23(a)(2), plaintiffs must show that "questions of law or fact common to the [proposed] class" exist. FED. R. CIV. P. 23(a)(2). Commonality requires that the proposed class members' claims all centrally "depend upon a common contention," which "must be of such a nature that it is capable of classwide resolution," meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). "[F]or purposes of Rule 23(a)(2) even a single common question will do[.]" *Id.* The Second Circuit has construed this instruction liberally, holding that plaintiffs need only show that their injuries "derive[d] from defendants' . . . unitary course of conduct." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 84 (2d Cir. 2015).

Here, there are common questions of law and fact that will generate common answers apt to drive the resolution of the litigation, including but not limited to whether Defendant's misrepresented the quantity of ingredients in the Products. (Am. Compl., ECF No. 7.) Resolution of this common question requires evaluation of the question's merits under an objective standard, *i.e.*, the "reasonable consumer" test. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010). Thus, commonality is satisfied.

### (iii)    Typicality

Under Rule 23(a)(3), plaintiffs must show that the proposed class representatives' claims "are typical of the [class'] claims." FED. R. CIV. P. 23(a)(3). "[D]ifferences in the degree of harm suffered, or even in the ability to prove damages, do not vitiate the typicality of a representative's claims." *In re Nissan Radiator/Transmission Cooler Litig.,* No. 10-CV-7493*,* 2013 U.S. Dist. LEXIS 116720 at *19 (S.D.N.Y. May 30, 2013*)* .

District courts within the Second Circuit have repeatedly found typicality easily satisfied in the context of preliminary approval of a settlement class. *Fogarazzao v. Lehman Bros.*, 232 F.R.D. 176, 180 (S.D.N.Y. 2005) ("The typicality requirement 'is not demanding.'").

Here, typicality is met because the same unlawful conduct by Defendant—*i.e.*, its allegedly misleading marketing of the quantity of ingredients in the Products - was directed at both Plaintiffs and the members of the proposed Settlement Class.

### (iv)    Adequacy of representation

Under Rule 23(a)(4), plaintiffs must show that the proposed class representatives will "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Plaintiffs must demonstrate that: (1) the class representatives do not have conflicting interests with other class

members; and (2) class counsel is "qualified, experienced and generally able to conduct the litigation." *Marisol A.*, 126 F.3d at 378.

To satisfy the first requirement, Plaintiffs must show that "the members of the class possess the same interests" and that "no fundamental conflicts exist" between a class' representative(s) and its members. *Charron v. Wiener*, 731 F.3d 241, 249 (2d Cir. 2013). Here, Plaintiffs possess the same interests as the proposed Settlement Class members because Plaintiffs and the Settlement Class members were all allegedly injured in the same manner based on their purchase of the Products, in that they paid inflated prices for the Products.

With respect to the second requirement, Class Counsel are qualified, experienced, and generally able to conduct the litigation. Class Counsel are not representing clients with interests at odds with the interests of the Settlement Class Members and are not acting as class representatives. They have qualified as lead counsel in other class actions and have a proven track record of successful prosecution of significant class actions. (Decl. Reese ¶¶ 21-24; Ex. 2-3). "In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to prosecute vigorously the action on behalf of the class." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 241 F.R.D. 185, 199 n.99 (S.D.N.Y. 2007).

For the foregoing reasons, Plaintiffs have satisfied the adequacy prerequisite.

### 2.    The Settlement Class Meets All Rule 23(b)(2) Requirements

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc.*, 521 U.S. at 614.

Here, the proposed injunctive class satisfies the requirements of Rule 23(b)(2), and thus should be certified.

Rule 23(b)(2) reads: "A class action may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." *Id.* The Second Circuit has interpreted this to mean that class-wide injunctive relief must provide benefit to all class members (even if in different ways). *Sykes* 780 F.3d at 97.

Plaintiffs here seek class-wide injunctive relief. Like the class members in *Sykes*, this relief would, in remedying the Product's misleading labeling, benefit each Class Member at once. Accordingly, the Class should be found to meet Rule 23(b); and, as the Class also satisfies the Rule 23(a) prerequisites, the Class should be certified for injunctive relief.

### 3.      The Settlement Class Also Meets All Rule 23(b)(3) Requirements

Plaintiffs also seek certification under Rule 23(b)(3). Under that rule, the court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### (i)      Common legal and factual questions predominate in this action

The Second Circuit has held that "to meet the predominance requirement . . . a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof." *In re Nassau Cty. Strip Search Cases*, 461 F.3d 219, 227 (2d Cir. 2006) (citation omitted). In the context of a request for settlement-only class certification, concerns about whether individual issues "would present intractable management problems" at trial drop out because "the proposal is that there be no trial." *Amchem Prods., Inc.*, 521 U.S. at 620. As a

result, "the predominance inquiry will sometimes be easier to satisfy in the settlement context." *Tart v. Lions Gate Entm't Group,* 2015 U.S. Dist. LEXIS 5945846, at *4 (S.D.N.Y. 2015). Furthermore, consumer fraud cases readily satisfy the predominance inquiry. *Amchem Prods., Inc.*, 521 U.S. at 625.

Here, for settlement purposes, the central common questions predominate over any questions that may affect individual Settlement Class members. The central common questions include whether Defendant's front labeling caused consumers to pay inflated prices. These issues are subject to "generalized proof" and "outweigh those issues that are subject to individualized proof." *In re Nassau Cty. Strip Search Cases*, 461 F.3d at 227–28. The Settlement Class meets the predominance requirement for settlement purposes.

### (ii)     A class action is the superior means to adjudicate Plaintiffs' claims

Rule 23(b)(3) also requires that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, the class action mechanism is superior to individual actions for numerous reasons. First, "[t]he potential class members are both significant in number and geographically dispersed" and "[t]he interest of the class as a whole in litigating the many common questions substantially outweighs any interest by individual members in bringing and prosecuting separate actions." *Meredith Corp.*, 87 F. Supp. 3d at 661 (citation omitted).

Additionally, a class action is superior here because "it will conserve judicial resources" and "is more efficient for Class Members, particularly those who lack the resources to bring their claims individually." *Zeltser v. Merrill Lynch & Co*, 2014 U.S. Dist. LEXIS 135635, *3 (S.D.N.Y. Sept. 23, 2014)). The cost to purchase any of the Products is approximately $5—thus, the potential recovery for any individual Settlement Class member is relatively small.  And the

estimated overcharge for the Products is 61 cents per 48 ounces. As a result, the expense and burden of litigation make it virtually impossible for the Settlement Class members to seek redress on an individual basis. By contrast, in a class action, the cost of litigation is spread across the entire class, thereby making litigation viable. *See, e.g.*, *Tart*, 2015 U.S. Dist LEXIS 139266 at *7. "Employing the class device here will not only achieve economies of scale for Class Members, but will also conserve judicial resources and preserve public confidence in the integrity of the system by avoiding the waste and delay repetitive proceedings and preventing inconsistent adjudications." *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *3. For all of the foregoing reasons, a class action is superior to individual suits.

In sum, because the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, the Court should preliminarily certify the Settlement Class.

### C. The Court Should Approve the Proposed Notice Plan

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.312 (2004). "The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Visa*, 396 F.3d at 113 (citations omitted).

The Court is given broad power over which procedures to use for providing notice so long as the procedures are consistent with the standards of reasonableness that the due process clauses in the U.S. Constitution impose. *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986) ("[T]he district court has virtually complete discretion as to the manner of giving notice to class members.").

"When a class settlement is proposed, the court 'must direct to class members the best notice that is practicable under the circumstances.'" *Vargas v. Capital One Fin. Advisors*, 559 F. App'x 22, 26 (2d Cir. 2014) (summary order) (citing FED. R. CIV. P. 23(c)(2)(B), (e)(1)). The notice must include: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who request exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." FED. R. CIV. P. 23(c)(2)(B). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Visa*, 396 F.3d at 114.

Here, the robust proposed notice program meets the requirements of due process and the Federal Rules of Civil Procedure. The proposed methods Plaintiffs identified above for providing notice to the Settlement Class members are reasonable. (*See supra* Part II.D.) Notice to the Settlement Class will be achieved shortly after entry of the Preliminary Approval Order. (§ 5.1.) The Notice will be provided to Class members so they have sufficient time to decide whether to participate in the settlement, object, or opt out. (§ 5.1.)

The proposed notice program also provides sufficiently detailed notice. The notice defines the Settlement Class; explains all Settlement Class members' rights, the Parties' releases, and the applicable deadlines; and describes in detail the injunctive and monetary terms of the Settlement, including the procedures for allocating and distributing Settlement funds among the Settlement Class members. (Class Settlement Agreement, Ex. C1-C-3) It will plainly indicate the

time and place of the Fairness Hearing, and it plainly explains the methods for objecting to, or opting out of, the Settlement. (*Id*.) It details the provisions for payment of Attorneys' Fees and Expenses and class representative Incentive Awards, and it provides contact information for Class Counsel. (*Id*.)

For the foregoing reasons, Plaintiffs respectfully request the Court approve the notice plan.

## IV. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement Agreement, the Court should set the Final Approval Fairness Hearing, as well as dates for publishing the notice and deadlines for objecting to, or opting out of, the Settlement and filing papers in support of the Settlement. Plaintiffs respectfully propose the following schedule:

| Event | Proposed Date/Deadline | Date/Deadline[8] |
|-------|------------------------|------------------|
| Deadline for dissemination of notice to the Settlement Class members | 14 calendar days after the Court enters the Preliminary Approval Order | January 3, 2020 |
| Deadline for filing papers in support of final approval of Settlement, and Class Counsel's application for Attorneys' Fees and Expenses | 42 calendar days before the Fairness Hearing | March 10, 2020 |
| Deadline for receipt of objections and opt-outs | 28 calendar days before the Fairness Hearing | March 24, 2020 |
| Deadline for Settlement Class Members to file a Notice of Intention to appear at the Fairness Hearing | 21 calendar days before the Fairness Hearing | March 31, 2020 |

---

[8] Plaintiffs have estimated the specific proposed dates, assuming the Court enters the proposed Preliminary Approval Order on or about December 20, 2019. In the event the Court does not enter the proposed Preliminary Approval Order on or before that date, Class Counsel respectfully request that the Court provide for the same separation of dates as set forth in the proposed schedule.

| Deadline for Settlement Administrator to file report to the Court | 14 calendar days before the Fairness Hearing | April 7, 2020 |
|---|---|---|
| Deadline for filing reply papers | 7 calendar days before the Fairness Hearing | April 14, 2020 |
| Fairness Hearing | At least 100 calendar days from entry of the Preliminary Approval Order | April 21, 2020 |

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court: (1) certify the Settlement Class and appoint Plaintiffs as the class representatives and Reese LLP and Sheehan & Associates, P.C. as Class Counsel; (2) preliminarily approve the Settlement Agreement; (3) approve the form and manner of the class action settlement notice; and (4) set a date and time for the Fairness Hearing.

Date: December 13, 2019

Respectfully submitted,

**REESE LLP**

By: */s/ Michael R. Reese*
    Michael R. Reese
    100 West 93rd Street, 16th Floor
    New York, New York 10025
    Telephone: (212) 643-0500
    Facsimile: (212) 253-4272
    *mreese@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

*Counsel for Plaintiffs and the Proposed Class*