**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MICHELLE ANN CICCIARELLA and
TANASHA RIETDYK, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

CALIFIA FARMS, LLC.,

Defendant.

---

No. 7:19-cv-08785-CS

**DECLARATION OF**
**MICHAEL R. REESE IN SUPPORT OF**
**PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF**
**SETTLEMENT, PRELIMINARY**
**CERTIFICATION OF SETTLEMENT**
**CLASS, AND APPROVAL OF NOTICE**
**PLAN**

---

Pursuant to 28 U.S.C. § 1746, I, Michael R. Reese, declare as follows:

1.       I am the founding partner at Reese LLP, which, along with Sheehan & Associates,

P.C., is counsel for plaintiffs Michelle Ann Cicciarella and Tanasha Rietdyk[1] in the above-

captioned action. I am a member in good standing of the state bars of New York and California,

as well as the bars of numerous federal courts, including, but not limited to, the U.S. District Courts

for the Southern, Eastern, Western and Northern Districts of New York; the Northern, Central,

Eastern, and Southern Districts of California; the Eastern District of Wisconsin; the District of

Colorado; the District of New Mexico; and, the Southern and Northern Districts of Illinois. I am

also a member of the federal bars of the U.S. Courts of Appeals for the Second, Seventh, Eighth,

Ninth, and Tenth Circuits.  I also am an adjunct professor at Brooklyn Law School where I teach

on class actions and food law.

2.       I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion

for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, and

Approval of Notice Plan.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Class Settlement Agreement,
attached hereto as Exhibit 1.

3.     The facts set forth in this declaration are based in part upon my personal knowledge and in part upon information I obtained from my co-counsel at Sheehan & Associates, P.C., and I would competently testify to them if called upon to do so.

## I.     INTRODUCTION

4.     Reese LLP and Sheehan & Associates, P.C. are the attorneys representing Plaintiffs Michelle Ann Cicciarella and Tanasha Rietdyk in the Action. We have been responsible for prosecution of the Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement negotiations.

## II.     COMMENCEMENT OF ACTION, DISCOVERY, SETTLEMENT NEGOTIATIONS, AND SETTLEMENT

5.     The attorneys representing Plaintiffs and the proposed Settlement Class performed extensive work identifying and investigating potential claims and drafting and filing the initial complaint and the Amended Class Action Complaint. Class Counsel continued to analyze Plaintiffs' claims throughout the pendency of the case.

6.     Plaintiffs allege Defendant Califia Farms LLC ("Defendant") falsely and deceptively labeled its dairy-alternative beverages to mislead consumers as to the quantity, or lack thereof, of ingredients contained in the products.

7.     On September 22, 2019, we filed the lawsuit in this Action.

8.     We then engaged in discovery.  Plaintiffs served document requests and received over 79,000 pages of documents in response.  These documents allowed us to evaluate the strength and weaknesses of the case.

9.      The Parties also engaged in settlement negotiations, including an all-day mediation session on November 25, 2019 with Donald L. Morrow, an esteemed mediator with JAMS.  The

mediation session ultimately led to the Settlement Agreement that is attached hereto as Exhibit 1.

10.     We have also discussed the settlement with counsel in a similar matter pending in California state court.  Counsel in the California state court action has reviewed the settlement and agrees to its terms as reflected by their and their plaintiffs' signatures to the Settlement Agreement filed on December 13, 2019.

## III.   SETTLEMENT AGREEMENT AND RECOGNITION OF THE DIFFICULTIES ASSOCIATED WITH LITIGATION

11.     On December 3, 2019, the parties in the Action entered into a Settlement Agreement regarding a proposed nationwide settlement.  That settlement was revised to reflect that counsel in a similar action pending in California state court reviewed and agreed to the terms of the settlement.  The revised settlement was filed on December 13, 2019

12.     Before entering into the Settlement Agreement, Class Counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses asserted in the Action. As part of that investigation, as well as through confidential informal and formal discovery, Class Counsel obtained over 79,000 pages of documents and extensive information from Defendant.

13.     Based on extensive investigation and discovery, Plaintiffs believe they could obtain class certification, defeat any dispositive motions Defendant may file, and proceed to a trial on the merits. Plaintiffs and Class Counsel recognize, however, the costs and risks involved, including the expense and length of continued proceedings necessary to prosecute the claims through trial and any appeals and the uncertainty of the ultimate outcome of the case. Litigation to date has been costly and complicated; certainly, further litigation would be yet more costly, complex, and time-consuming. Such litigation could include contested class certification (and possibly

3

decertification) proceedings and appeals, including competing expert testimony and contested *Daubert* motions; further costly nationwide discovery, including dozens of depositions, interrogatories, and requests for admission, and yet more voluminous document production; costly merits and class expert reports and discovery; and trial. Each step towards trial would likely be subject to Defendant's vigorous opposition and appeal. Even if the case were to proceed to judgment on the merits, any final judgment would likely be appealed, which would take significant time and resources. These litigation efforts would be costly to all Parties and would require significant judicial oversight. Class Counsel took into account these factors, as well as the difficulties and delays inherent in complex class action litigation, when negotiating and evaluating the Settlement and entering into the Settlement Agreement.

14.    Additionally, in the process of investigating and litigating the Action, Class Counsel conducted significant research on the consumer protection statutes at issue, as well as the overall legal landscape, to determine the likelihood of success and reasonable parameters under which courts have approved settlements in comparable cases.

15.    In light of all of the foregoing, Class Counsel believe the Settlement confers substantial benefits upon the Settlement Class Members. Class Counsel have evaluated the Settlement and determined it is fair, reasonable, and adequate to resolve Plaintiffs' grievances and is in the best interest of the Settlement Class.

16.    Defendant has denied, and continues to deny, that its marketing, advertising, and/or labeling of the Products is false, deceptive, or misleading to consumers or violates any legal requirement. Furthermore, Defendant has stated that but for the Settlement, it would vigorously oppose class certification.

## IV. CLASS COUNSEL AND PLAINTIFFS HAVE INVESTED SIGNIFICANT TIME IN THE PROSECUTION OF THE ACTION AND ARE ADEQUATE REPRESENTATIVES OF THE CLASS

17.     Throughout the course of investigation, pleadings, discovery, mediation, and filing of the Settlement Agreement with the Court, Class Counsel have devoted significant time and resources to the investigation, development, and resolution of the Action.

18.      Each Plaintiff performed an important and valuable service for the benefit of the Settlement Class. Each met, conferred, and corresponded with Class Counsel as needed for the efficient process of the litigation.

19.     Each Plaintiff has participated in numerous interviews by Class Counsel, provided personal information concerning the litigation, and remained intimately involved in the mediation and litigation processes.

20.     Each Plaintiff actively participated in discussions with Class Counsel related to the Settlement.

21.     Class Counsel has substantial experience with consumer class actions in general and with consumer fraud and false advertising, specifically, and they have substantial experience negotiating class settlements.

22.     Class Counsel are not representing clients with interests at odds with the interests of the Settlement Class Members.

23.     Reese LLP has been appointed as class counsel for the prosecution of numerous class actions including but not limited to:

      a.     *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-RLM (E.D.N.Y.);

      b.     *Rapport-Hecht v. Seventh Generation, Inc.*, 7:14-cv-09087-KMK (S.D.N.Y);

5

    c.      *In re Vitaminwater Sales and Marketing Practices Litigation*, No. 1:11-md-02215-DLI-RML (E.D.N.Y.);

    d.      *Chin v. RCN Corp.*, No. 1:08-cv-7349-RJS (S.D.N.Y.);

    e.      *Barron v. Snyder's-Lance, Inc.*, No. 13-cv-62496-JAL (S.D. Fla.);

    f.      *Huver v. Wells Fargo & Co.*, 4:08-cv-00507-RP-CFB (S.D. Iowa);

    g.      *Wong v. Alacer Corp.*, No. CGC-12-519221 (San Francisco Super. Ct.);

    h.      *Howerton v. Cargill, Inc.*, No. 1:13-cv-00336-LEK-BMK (D. Haw.);

    i.      *Red v. Unilever United States, Inc.*, No. 5:10-cv-00387 (N.D. Cal.); and

    j.      *Yoo v. Wendy's International Inc.*, No. 07-cv-04515-FMC (C.D. Cal.).

24.    Attached hereto as Exhibit 2 is Reese LLP's firm résumé.

25.    Attached here as Exhibit 3 is the firm resume of Sheehan & Associates, P.C.

26.    Apart from the Settlement Agreement, there are no additional agreements between the Partier or with others made in connection with the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 13th, 2019 at New York, New York.

*/s/ Michael R. Reese*
Michael R. Reese

# **<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE ANN CICCIARELLA et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> CALIFIA FARMS, LLC, <br><br> Defendant. | CASE NO. 7:19-cv-08785-CS |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between Plaintiffs Michelle Ann Cicciarella ("Cicciarella"); Tanasha Rietdyk ("Rietdyk"); Daniel Mitchell ("Mitchell"); Adriana Pena ("Pena"); Kayla Villanueva ("Villanueva"); and Kristen Landeros ("Landeros") (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, hereinafter the Settlement Class, and Defendant Califia Farms, LLC ("Defendant" or "Califia"). Plaintiffs and Califia are collectively referred to as "the Parties."

## I.    RECITALS

1.1    WHEREAS, on September 22, 2019, Plaintiff Cicciarella, through counsel of record Sheehan & Associates, PC and Reese LLP, filed a putative class action complaint individually and on behalf of all others similarly situated nationwide, against Califia entitled *Cicciarella v. Califia Farms, LLC*, United States District Court for the Southern District of New York, Case No. 7:19-cv-08785-CS ("the Litigation"). Plaintiff Cicciarella alleged that Califia falsely marketed and advertised certain dairy-alternative beverage products. The Complaint includes claims for: (1) violations of the New York General Business Law ("GBL") §§ 349 & 350 and violations of Consumer Protection Statutes of other States and Territories; (2) negligent

misrepresentation; (3) Breaches of Express Warranty Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; (4) fraud; and (5) unjust enrichment.

1.2     WHEREAS, On December 2, 2019, Plaintiffs Cicciarella and Rietdyk filed an amended complaint (the "Amended Complaint") to amend the  nationwide class claims in the Litigation to add Ms. Rietdyk as an additional plaintiff and class representative and to include additional labeling or marketing claims on behalf of a nationwide class of purchasers (the "Class" or the "Settlement Class," as defined herein) of Califia  dairy-alternative milk, cold brew coffee, non-dairy creamer, and yogurt and/or yogurt drinks (the "Products", defined herein) during the period of August 7, 2014 to present.  The Amended Complaint included legal claims and/or causes of action based on Califia's labelling or marketing of vanilla, chocolate, carrageenan, nut or other color or flavors on or for the products (the "Labeling Claims").  In the Amended Complaint, Plaintiffs asserted additional legal claims and/or causes of action against Califia on behalf of the Class including specifically California's Business & Professions Code section 17200, *et seq*., California Business & Professions Code 17500, *et seq*., California Civil Code §§ 1750 *et seq*, and breach of express warranty.

1.3     WHEREAS plaintiffs' counsel Sheehan & Associates, PC and Reese LLP ("Class Counsel") are experienced food consumer class action counsel.  Plaintiffs' counsel have investigated and assessed all Labelling Claims, including through formal and informal discovery.

1.4     WHEREAS, Califia has denied all claims asserted in the Litigation and further denies that anyone, including putative Class members, has suffered damage or harm as a direct and proximate result of the alleged mislabeling set forth in the Litigation.

1.5     WHEREAS, Califia further denies that its dairy-alternative milk, cold brew coffee, non-dairy creamer and yogurt and/or yogurt drinks were mislabeled or falsely marketed in any respect including without limitation those certain Products specifically identified in the Litigation.

146596892.1

1.6     WHEREAS, Califia desires to resolve all outstanding and purported Labeling Claims relating to Califia Products, including without limitation the labeling claims asserted in the Litigation.

1.7     WHEREAS, the Parties have engaged in extensive arm's length, good-faith negotiations in an effort to reach an amicable resolution of the Labeling Claims in the Litigation and identified herein.  Such negotiations culminated in an all-day in-person mediation conducted by Donald L. Morrow, an experienced class action litigator and mediator at the Judicial Arbitration and Mediation Services ("JAMS") on November 25, 2019, where, at the conclusion of the mediation, the basic terms of this settlement were achieved subject to appropriate authorization and final documentation.

1.8     WHEREAS, the mediation resulted in the Parties' agreement to settle the Labeling Claims pursuant to the terms set forth in this Settlement Agreement. The Parties and their respective counsel believe that the Settlement Agreement provides meaningful benefits to the Settlement Class, which is fair, reasonable, and adequate, and is in the best interests of the Parties, including Plaintiffs and the Settlement Class Members.

1.9     WHEREAS, Califia denies all of the allegations in the Litigation and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged against it, in the Litigation.  Califia also denies that the Litigation meets the requirements for certification as a class action, except for purposes of settlement, or that the evidence supports a finding of liability or monetary or equitable relief to Plaintiffs, any additional putative class representative, or any member of the Settlement Class, with respect to any of the Labeling Claims or other allegations in the Litigation or Amended Complaint.

1.10    WHEREAS, the undersigned Parties agree, subject to approval by the Court, that the Litigation between the Parties shall be fully and finally compromised, settled and released on the terms and conditions set forth in this Agreement.

1.11     WHEREAS, Plaintiffs' Counsel has analyzed and evaluated the merits of all Parties' contentions and this settlement as it affects all Parties and the Settlement Class Members.  Among the risks and uncertainties of the Litigation are the possibility that Plaintiffs will be unable to prove liability, damages (individually or on a class wide basis), or entitlement to injunctive relief at trial on a class wide or individual basis.  Plaintiffs and their Counsel, after taking into account the foregoing, along with the risks, uncertainties and costs of further prosecution of the Litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement and the prompt provision of meaningful benefits to the Settlement Class are in the best interests of the Settlement Class Members.

1.12     WHEREAS, Plaintiffs have conducted formal and informal discovery on Califia in the Litigation relating to sales, production, marketing, labeling and other issues on Califia Products and has been provided with extensive information and documents relating to the sales, production, marketing, and labelling and other issues relating to Califia Products, including sales records. Information provided through informal discovery and in settlement negotiations may, at Plaintiffs' election be confirmed by additional discovery prior to the final approval of any settlement.

1.13     WHEREAS, Califia, while continuing to deny all allegations of, and disclaiming any liability with respect to any and all Labeling Claims asserted in the Litigation, desires to resolve the Labeling Claims on the terms stated herein, in order to avoid further expense, inconvenience, and interference with ongoing business operations, and to dispose of burdensome litigation.  Therefore, Califia has determined that settlement of the Litigation on the terms set forth herein is in its best interests.

1.14     WHEREAS, Califia denies that the Litigation meets the standards for certification of the Settlement Class. Califia hereby consents, solely for the purposes of the settlement set forth herein, to the certification of the Settlement Class and appointment of Plaintiffs' Counsel as counsel for the Settlement Class and Plaintiffs as representatives of the Settlement Class;

provided, however, that if this Agreement fails to receive Court approval or the Effective Date (defined below) does not occur, then Califia retains all rights it had immediately preceding the execution of this Agreement, and the Litigation will continue as if the Settlement Class had never been certified and Plaintiffs had not been appointed representatives of the Settlement Class. Califia's conditional consent herein to certification of the Settlement Class, information or discovery provided to Plaintiffs' Counsel for purposes of the settlement, shall not be used against Califia by any Party or non-party for any purpose in the Litigation or any other litigation, lawsuit, or proceeding of any kind whatsoever.

1.15    WHEREAS, previously, on August 7, 2018, Plaintiff Daniel Mitchell ("Mitchell"), a California resident, filed a complaint against Califia individually and on behalf of all other California residents similarly situated, entitled *Mitchell v Califia Farms LLC*, State of California, Orange County, Case No. 30-2018-01010882--CU-NP-CXC (the "California State Court Litigation") alleging that Califia falsely marketed and advertised certain products as "Carrageenan Free." Plaintiffs Pena, Villanueva, and Landeros are proposed plaintiffs to be added in the California State Court Litigation pursuant to a pending motion to amend the complaint in the California State Court Litigation. Whether such amended complaint is ultimately filed, Pena, Villanueva, and Landeros shall be referred to as Plaintiffs in the California State Action and will submit to the jurisdiction of this Court in the Southern District of New York for enforcement of this Agreement. The filing of such an amended complaint is not a condition to this settlement or the enforceability of this Agreement. The Plaintiffs in the California State Court Action have reviewed this Settlement Agreement and agree that they support this Settlement Agreement because of the substantial relief it provides class members and have signed the Agreement below. Califia and the Plaintiffs in the California State Action have also agreed to stay the California State Court Litigation pending Final Approval of this Settlement, and, if Final Approval is granted, dismiss the California State Action with prejudice. The Amended Complaint in the Litigation asserts the same claims as asserted in the California State Court Litigation on behalf of a class of purchasers of Califia consumers that is included in

the Settlement Class.  The Parties intend that this Agreement and settlement will fully and finally resolve all class claims asserted in the California State Court Litigation.  However, this Agreement does not cover any claims between Califia and former employees Scott Myers and Bill Myers, and Califia hereby expressly reserves any and all claims, affirmative defenses and other rights, motions, remedies of Califia in litigation with former employees Scott Myers and Bill Myers.

1.16    WHEREAS, this Agreement is contingent upon the issuance by the Court of both Preliminary Approval and Final Approval.  Should the Court not issue Preliminary Approval and Final Approval, Califia does not waive, and instead expressly reserves, all rights to defend the Litigation.

1.17    WHEREAS, this Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of Califia, and all such allegations are expressly denied.  Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this Agreement, subject to Court approval, under the following terms and conditions:

## II.    DEFINITIONS

Capitalized terms in this Agreement shall be defined as follows:

2.1    "Agreement" or "Settlement Agreement" means this Settlement Agreement, including all exhibits hereto.

2.2    "Allegations" means the allegations as asserted in the Litigation and Amended Complaint as set forth in Sections 1.1 and 1.2 above.

2.3    "Attorneys' Fees and Costs" means such funds as may be awarded by the Court to Plaintiffs' Counsel for their work, efforts, and expenditures in connection with the Litigation and

settlement, including fees, costs, and expenses of any co-counsel, local counsel, experts, consultants, or other individuals retained by, or who assisted Plaintiffs' Counsel in connection with the Litigation and settlement, as described more particularly in Section VI of this Agreement.

2.4    "California State Court Litigation" means *Mitchell v Califia Farms LLC*, State of California, Orange County, Case No. 30-2018-01010882--CU-NP-CXC.

2.5    "Claim" means a claim for Settlement Benefits submitted under Section IV of this Agreement.

2.6    "Claim Administrator" means, subject to Court approval, KCC LLC, unless another third-party administrator is later agreed to by the Parties in writing and approved by the Court.

2.7    "Claim Filing Deadline" means ninety days (90) days after the hearing date on Final Approval.

2.8    "Claim Form" means a form in substantially the same form as Exhibit B hereto to be used by Class Member to make a Claim under the Settlement.

2.9    "Class Period" means the period of time from August 7, 2014 through Preliminary Approval.

2.10    "Class Representative" means Plaintiffs Michelle Ann Cicciarella; Tanasha Rietdyk; Daniel Mitchell; Adriana Pena; Kayla Villanueva; and, Kristen Landeros.

2.11    "Court" means the United States District Court, Southern District of New York.

2.12    "Defendant" means Califia Farms, LLC.

2.13    "Effective Date" means the later of:  (i) the expiration of the time to appeal the Final Approval with no appeal having been filed; or (ii) if such appeal is filed, (a) the dismissal, abandonment or settlement of the appeal with no material modification to the Final Approval, or (b) the date upon which the Court of Appeal issues its remittitur following an appeal in which the Final Approval is affirmed.

2.14    "Final Approval" means issuance of an order granting final approval of this Agreement as binding upon the Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided below; ordering that the settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Part VIII, below; and entering judgment in this case.

2.15    "Household" means any number of natural persons who currently or during the class period occupied the same dwelling unit.

2.16    "Incentive Award" means any award sought by application to and approval by the Court that is payable to the Class Representative to compensate him/her for their efforts in bringing this Litigation and achieving the benefits of this settlement on behalf of the Settlement Class.

2.17    "Labeling Claims" means all outstanding and purported claims, including without limitation the labeling or other claims asserted in the Amended Complaint in the Litigation, relating to any aspect of labeling of Califia Products (as defined in Section 2.31) that were, or could have been, alleged in the Litigation to be false, misleading, or non-compliant with federal or state laws or regulations, including without limitation labeling or other claims regarding vanilla, carrageenan, chocolate, nut or other colors or flavors.

2.18    "Long Form Notice" means notice to Settlement Class Members in substantially the same form as Exhibit C1.

2.19    "Litigation" means *Cicciarella, et al. v. Califia Farms, LLC*, Case No. 7:19-cv-08785.

2.20    "Notice Date" means the day on which the Claim Administrator initiates the Online Notice.

2.21    "Notice Plan" means the Parties and Claims Administrator's plan to provide the Settlement Class with notice of Settlement.

2.22    "Objection Deadline" means twenty-eight (28) days prior to the initially scheduled hearing date on Final Approval.

2.23    "Online Notice" means notice to Settlement Class Members in substantially the same form as Exhibit C3.

2.24    "Parties" means Plaintiffs and Defendant, collectively.

2.25    "Party" means any one of Plaintiffs or Defendant.

2.26    "Person(s)" means any natural person.

2.27    "Plaintiffs," "Representative Plaintiffs" or "Class Representatives" means Michelle Ann Cicciarella; Tanasha Rietdyk; Daniel Mitchell; Adriana Pena; Kayla Villanueva; and Kristen Landeros

2.28    "Plaintiffs' Counsel" means Reese LLP; Sheehan & Associates, P.C.; and, Aegis Law Firm, P.C.  "Class Counsel" means the law firms of Reese LLP and Sheehan & Associates, P.C.

2.29    "Preliminary Approval" means issuance of an order, granting preliminary approval to this Agreement as within the range of possible Final Approval; approving Class Notice to the Settlement Class Members as described in Part V below; and setting a hearing to consider Final Approval of the settlement and any objections thereto.

2.30    "Print Publication Notice" means notice to Settlement Class Members in substantially the same form as Exhibit C2.

2.31    "Product" and/or "Products" means and includes dairy-alternative milk, cold brew coffee, non-dairy creamer and yogurt and/or yogurt drinks manufactured and labeled by Califia during the Class Period, including, without limitation, those certain products listed in the Amended Complaint and in Exhibit A hereto.

2.32    "Proof of Purchase" means a printed contemporaneous point of purchase receipt from a third-party retail source that reasonably establishes the fact and date of the purchase of the Product during the Class Period in the United States.

2.33    "Released Claims" means the claims released as set forth in Section 8 of this Agreement.

2.34    "Released Parties" means Defendant and each and all of its predecessors in interest, successors and assigns, and their former, present and future direct and indirect subsidiaries, divisions, parents, owners, successors, and affiliated companies and each and all of their former, present and future officers, directors, shareholders, partners, employees, agents, representatives, suppliers, resellers, retailers, wholesalers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, executors and administrators, whether specifically named and whether or not participating in the settlement by payment or otherwise.

2.35    "Settlement" means the settlement embodied in this Agreement.

2.36    "Settlement Benefit(s)" means the benefits provided to Settlement Class Members as set forth in Sections 4.4 through 4.6 of this Agreement.

2.37    "Settlement Class," "Settlement Class Members," "Class" or "Class Members" means all consumers in the United States who purchased the Products during the Class Period. Excluded from this definition are the Released Persons, any government entities, persons who made such purchase for the purpose of resale, persons who made a valid, timely request for exclusion, and Hon. Cathy Seibel and Donald L. Morrow of JAMS, and any members of their immediate family.

2.38    "Settlement Website" means an internet website created and maintained by the Claim Administrator, the URL of which shall be specified in the Notice Plan.

2.39    "Termination Date" means the date that the Agreement is terminated as set forth in Section 9.3.

2.40    "Valid Claim" means a claim submitted in compliance with Section IV of this Agreement and determined to be valid by the Claim Administrator, and as further described in that Section.

### III.    CHANGED PRACTICES AND INJUNCTIVE RELIEF

3.1    Subject to the rights and limitations set forth in this Agreement and upon Final Approval, Califia will agree to make the following labeling changes, and such other labeling changes to certain Products as the parties deem an appropriate component of the settlement, within two (2) years of final approval of the settlement:

a) Change "vanilla" to "vanilla with other natural flavors" and/or reformulate as necessary and make appropriate changes to the ingredient panel to reflect vanilla extract and other natural flavors.

b) Remove or address "no added sugar" claims.

c) Change "chocolate" to "cocoa" or another descriptor or otherwise reformulate.

d) Change "hazelnut" to "hazelnut with other natural flavors."

e) Change "made with almond cream" to state the Product is made with almonds or other descriptor.

f) For products that state "carrageenan-free" on their label, Califia will provide Plaintiffs' Counsel an appropriate signed certification from the coconut cream suppliers stating that the coconut cream does not contain carrageenan for four years after the Effective Date.  The certification will be renewed every 12 months. Class counsel will notify Califia counsel within 30 days of receipt of such certification if it believes such certification is inadequate or additional information is required.  Califia counsel will have 30 days to respond to such a request and the Parties will have 60 days thereafter to resolve any existing disputes.  If any disputes cannot be resolved, the parties will bring these disputes for resolution before this Court pursuant to this Court's Motion Procedures.

3.2    Califia's obligation to comply with the changes specified shall continue for a period of four (4) years from the Effective Date, except if regulatory changes permit other or different changes, Califia may make such changes accordingly.

146596892.1

## IV.   SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

4.1     Subject to the rights and limitations set forth in this Agreement, every Settlement Class Member shall have the right to submit a Claim for Settlement Benefits.  A Claim shall be a Valid Claim only if submitted on the Claim Form pursuant to, and in compliance with, the procedures set forth in this Section IV.  Submission of a Claim, regardless of whether it is determined to be a Valid Claim, shall confer no rights or obligations on any Party, any Settlement Class Member, or any other Person, except as expressly provided herein.

4.2     At the election of the Settlement Class Member, Claim Forms may be submitted in paper via first class mail or online at the Settlement Website.  Claim Forms must be received by the Claim Administrator (not just postmarked) or submitted online no later than the Claim Filing Deadline.  Claim Forms received or submitted online after that date will not be Valid Claims.  For Claim Forms that are submitted online, the Class Member shall have the opportunity to upload Proof of Purchase image files (e.g. jpg, tif, pdf); to preview and confirm information entered in the Claim Form prior to submitting the claim; and to print a page immediately after the Claim Form has been submitted showing the information entered, the names of image files uploaded, and the date and time the Claim Form was received.

4.3     On the Claim Form, the Settlement Class Member, or a Person with authority to sign and bind the Settlement Class Member, must provide and certify the truth and accuracy of the following information under the penalty of perjury, including by signing the Claim Form physically or by e-signature, to be considered a Valid Claim:

(a)     The Settlement Class Member's name and mailing address;

(b)     The Settlement Class Member's email address (unless the Settlement Class Member submits a claim form by mail, in which case an email address is optional);

(c)     That the claimed purchases were direct retail purchases by the claimant;

(d)     That the claimed purchases were not made for purposes of resale, commercial use or for any other purpose; and

(e)    For all claimed purchases that are not supported by Proof of Purchase:  the Product name(s), the approximate date(s) of purchase, the approximate price(s), the name of the retail store and the store location of each purchase.

4.4    Subject to the total dollar value cap in Settlement Benefits as provided in Section 4.6, each Settlement Class Member who submits a Valid Claim, as determined by the Claim Administrator, shall receive a Settlement Benefit as follows:

(a)    A Settlement Class Member who submits a Valid Claim, with a Proof of Purchase, shall receive cash payment of $1.00 for each Product purchased by the Settlement Class Member, up to a maximum of twenty (20) Products for which a Proof of Purchase is submitted.

(b)    A Settlement Class Member who submits a Valid Claim, without a Proof of Purchase, shall receive a cash payment of $0.50 for each Product purchased by the Settlement Class Member, up to a maximum of ten (10) Products.

(c)    The total cash payment due to the Settlement Class Member shall be provided in a single check payable to the Settlement Class Member.

4.5    Each Household is limited to and may only submit a single claim.

4.6    The total dollar value of Valid Claims submitted with a Proof of Purchase will be capped at $2,000,000.  If the total dollar value of Valid Claims submitted with a Proof of Purchase exceeds $2,000,000, the Settlement Benefit payable for each Valid Claim shall be reduced on a pro rata.  The total dollar value of Valid Claims submitted without a Proof of Purchase will be capped at $1,000,000.  If the total dollar value of Valid Claims submitted without a Proof of Purchase exceeds $1,000,000, the Settlement Benefit payable for each Valid Claim shall be reduced on a pro rata.

4.7    The Claim Administrator alone is responsible for administering this Agreement. The Claim Administrator shall be responsible for, among other things, providing notice as set forth in the Notice Plan, processing Claim Forms and administering the Settlement Website, exclusion process, and Settlement Benefit claims process described herein (including receiving

-13-

and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement Class).  The Claim Administrator shall not approve duplicate or multiple claims for the same purchase but shall deem valid only one claimant for that purchase.  The Claim Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims and to pay only Valid Claims.  The Claim Administrator and Parties shall have the right to audit claims, and the Claim Administrator may request additional information from Claimants.  If any fraud is detected or reasonably suspected, the Claim Administrator and Parties can require further information from the Settlement Class Member or deny claims, subject to the supervision of the Parties and ultimate oversight by the Court.

4.8     The determination of validity of claims shall occur within a reasonable time. The Claim Administrator shall have discretion to reasonably approve or deny all claims.  Plaintiffs' Counsel and Defendant shall have the right to audit claims and to challenge the Claim Administrator's decision by motion to the Court.  Plaintiffs' Counsel's or Defendant's choice not to audit the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by such Party as to any of its audit and other rights under this Agreement.  No Person shall have any claim against Plaintiffs, Defendant, Plaintiffs' Counsel, Defendant's counsel or the Claim Administrator based on any determination of a Valid Claim, distributions or awards made in accordance with this Agreement and the Exhibits hereto.  Neither Plaintiffs nor Defendant, nor their respective counsel, shall have any liability whatsoever for any act or omission of the Claim Administrator.

4.9     Within thirty (30) days after the Claim Filing Deadline, the Claim Administrator shall notify by email all Settlement Class Members whose claims are denied the reason(s) for denial, using the email address or physical address (if any) provided by the Settlement Class Member on the Claim Form.  If no email address or physical address is provided by the Settlement Class Member on the Claim Form, the Administrator shall not have an obligation to

provide the Settlement Class Member any notification of the denial of the claim or the reasons for denial.

4.10     Valid Claims shall be paid by check to the Settlement Class Member and mailed to the address provided on the Claim Form, as updated in the National Change of Address Database, within thirty (30) days after the Effective Date except that, in the event of an appeal from Final Approval that challenges only the award of Attorneys' Fees and Costs and/or the Incentive Award and does not challenge any other aspect of the settlement and does not raise an issue that could result in the reversal of Final Approval or modification of other terms of the settlement, then all Valid Claims shall be paid within sixty (60) days after Final Approval, unless otherwise ordered by the Court.  If the appeal challenges any other aspect of the Settlement, Valid Claims shall be paid sixty (60) days after the Effective Date.

4.11     All settlement checks shall be subject to a one hundred twenty (120) day void period, after which the checks shall no longer be negotiable.  If a settlement check is not negotiated, the Settlement Class Member shall not be entitled to any further payment under this Agreement.  If the check is returned as undeliverable, the Claim Administrator shall send an email to the claimant, if one was provided with the claim, to attempt to obtain a better address, and if obtained, shall mail the check to the new address, but shall have no other obligation to skip-trace or obtain an updated address.  The return or failure to cash checks shall have no effect on a Settlement Class Member's release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

4.12     No deductions for taxes will be taken from any Settlement Benefit at the time of distribution.  Settlement Class Members are responsible for paying all taxes due on such Settlement Benefits.  All Settlement Benefit payments shall be deemed to be paid solely in the year in which such payments are actually issued.  Counsel and the Parties do not purport to provide legal advice on tax matters to each other or Settlement Class Members.  To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to

-15-

be used, and cannot be used, by any Person for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

4.13    Defendant shall be responsible for paying all fees and expenses incurred by the Claim Administrator in administering claims and performing the other tasks set forth in this Section IV.

4.14    Defendant shall be responsible for paying all costs of Valid Claims.

## V.    NOTICE

5.1    The Claim Administrator will facilitate the notice process by assisting the Parties, including by providing notice of this settlement to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice").  The Claim Administrator shall serve notice of the Agreement that meets the requirements of 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days after the filing of the Motion for Preliminary Approval.  The Claim Administrator will file a certification with the Court stating the date or dates on which the CAFA Notice was sent. Defendant will provide Class Counsel with any substantive responses received in response to any CAFA Notice.

5.2    Notice to Settlement Class Members shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

5.3    Prior to the Notice Date, the Claim Administrator shall establish the Settlement Website, which shall contain the Long Form Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions; a Contact Information page that includes the address for the Claim Administrator and addresses and telephone numbers for Plaintiffs' Counsel and Defendant's Counsel; the Agreement; the signed order of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which Settlement Class Members may exclude

themselves from the Settlement Class; and (when they become available) the motion for final approval and Plaintiffs' application(s) for Attorneys' Fees, Costs and an Incentive Award.

5.4     The Settlement Website shall remain accessible until one hundred eighty (180) days after all Settlement Benefits are distributed.

5.5     A black and white version of the Print Publication Notice, attached hereto as Exhibit C2, will be published in USA Today.

5.6     Additional online notice shall be provided on websites and/or social media platforms chosen by the Claim Administrator and accessible to desktop and mobile users, so that overall notice of the Settlement (including the Online Notice and Print Publication Notice) is reasonably calculated to apprise the Settlement Class Members of the Settlement.  Such notice shall begin no later than thirty (30) days after Preliminary Approval.  No later than forty-two (42) days prior to the hearing on Final Approval, the Claim Administrator shall submit a declaration to the Court under penalty of perjury explaining how the media were chosen and attesting to the number of impressions delivered.

5.7     The Claim Administrator shall establish and maintain a toll-free telephone helpline, available 24 hours per day, where callers may obtain information about the class Litigation.

5.8     The Parties shall supervise the Claim Administrator in the performance of the notice functions set forth in this Section V.

5.9     At least fourteen (14) days prior to the final approval hearing referenced in Section VII of this Agreement, Defendant and the Claim Administrator shall certify to the Court that it has complied with the notice requirements set forth herein.

5.10     Defendant shall be responsible for paying all costs of notice as set forth in this Section V and all costs of the Claim Administrator in processing objections and exclusion requests as set forth in Sections 7.5 through 7.12.

## VI.   ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE PAYMENT

6.1    <u>Attorneys' Fees, Costs, and Expenses</u>.  No later than forty-two (42) days prior to the initially scheduled hearing on Final Approval, Plaintiffs' Counsel may apply to the Court for an award from Defendant of its Attorneys' Fees and Costs in a total amount not to exceed $750,000.  Pursuant to Southern District of New York Local Rule 23.1, the following split of fees and costs are hereby disclosed:  if no appeal is required, the fees and costs are to be split such that Aegis Law Firm, P.C. receives 50%; Reese LLP receives 25%, and, Sheehan & Associates, P.C. receives 25%.  If the matter proceeds to appeal (which the Parties assume will not occur), the fees and costs are to be split such that Aegis Law Firm, P.C. receives 33.33% (*i.e.* one-third); Reese LLP receives 33.33% (*i.e.* one-third); and, Sheehan & Associates, P.C. receives 33.33% (*i.e.* one-third).  The law firms identified submit to the jurisdiction of this Court for the enforcement of this provision of the Agreement and for enforcement of all other provisions of this Agreement.  The fees and costs for Reese LLP and Sheehan & Associates, P.C. shall be wired to the account of Reese LLP. The fees and costs for Aegis Law Firm, P.C. shall be separately wired to the account of Aegis Law Firm, P.C.

6.2    <u>Class Representative Payment</u>.  No later than forty-two (42) days prior to the initially scheduled hearing on Final Approval, each Class Representative – *i.e.* Plaintiffs Cicciarella; Rietdyk; Mitchell; Pena; Villanueva; and Landeros - may additionally apply to the Court for an Incentive Award from Defendant of $5,000 (for a total of $30,000) as compensation for (a) the time and effort undertaken in and risks of pursuing the  Litigation, including the risk of liability for the Parties' costs of suit, and (b) the general release set forth in Section 8.1.

6.3    Defendant agrees not to oppose or to submit any evidence or argument challenging or undermining Plaintiffs' application for Attorneys' Fees and Costs or an Incentive Award as set forth in Sections 6.1 and 6.2.  Defendant shall not be in violation of this term if its attorneys provide the Court with evidence, including evidence of their lodestars, that is specifically requested by the Court; however, no Party shall prompt or encourage such a request.

6.4     The Attorneys' Fees and Costs awarded by the Court as set forth under Section 6.1 shall be the total obligation of Defendant to pay attorneys' fees, costs, and expenses of any kind to Plaintiffs' Counsel in connection with the Litigation and this settlement.  In no event shall Defendant be obligated to pay to Plaintiffs' Counsel any amount larger than the amount specified in Section 6.1.

6.5     Any payment of an Incentive Award by the Court as set forth in Section 6.2 shall be the total obligation of Defendant to pay money to Plaintiffs, in connection with the Litigation and this settlement, other than amounts due to any Plaintiffs for a Valid Claim submitted pursuant to Part IV of this Agreement.  In no event shall Defendant be obligated to pay to Plaintiffs any amount larger than the amount specified in Section 6.2, other than for a Valid Claim pursuant to Part IV of this Agreement.

6.6     The Court's award of any Attorneys' Fees and Costs shall be separate from its determination of whether to approve this Agreement. In the event the Court approves the Settlement set forth in this Agreement but declines to award fees and costs in the amount requested by Plaintiffs' Counsel, the Settlement will nevertheless be binding on the Parties. Plaintiffs' Counsel and Plaintiffs agree that the denial, downward modification, failure to grant the request for Attorneys' Fees and Costs or an Incentive Award, or the reversal or modification on appeal of any such awards, shall not constitute grounds for modification or termination of the settlement.

6.7     Defendant shall be responsible for paying its own attorneys' fees and expenses.

6.8     The Attorneys' Fees and Costs awarded to Plaintiffs' Counsel shall be paid to Plaintiffs' Counsel within thirty (30) days after the Effective Date.

6.9     Within thirty (30) days after the Effective Date, any Court-approved Incentive Award shall be paid by Defendant to Plaintiffs.

## VII.    CLASS SETTLEMENT PROCEDURES

7.1     <u>Class Certification</u>.  The Parties agree that, for settlement purposes only, this Litigation shall be certified as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2)

or 23(b)(3), or both, with Representative Plaintiffs as the Class Representatives and Plaintiffs' counsel as Class Counsel.

7.2     In the event the Settlement is terminated or for any reason the Settlement is not effectuated, the certification of the Class shall be vacated, and the Litigation shall proceed as if the Class had not been certified. Califia's conditional consent herein to certification of the Class shall not be used against Califia by any Party or non-party for any purpose in this Litigation or any other litigation, lawsuit, or proceeding of any kind whatsoever.

7.3     Settlement Approval.  As soon as practicable, and no later than three (3) business days, after the signing of this Agreement, Plaintiffs shall move for an order granting Preliminary Approval to this Agreement as within the range of possible Final Approval; approving Class Notice to the Settlement Class Members as described in Part V above; and setting a hearing to consider Final Approval of the settlement and any objections thereto.  Defendant shall have no obligation to make separate filings in support of the motion but may do so at its election after the motion has been filed.  Defendant shall appear at the hearing to confirm its agreement with the terms of the settlement as provided herein.  The Parties agree to the form and substance of the Proposed Order of Preliminary Approval, attached hereto as Exhibit D.  No action, informal or otherwise, will be taken to withdraw the currently pending Motion for Preliminary Approval until this Agreement is fully executed.

7.4     Final Approval Order and Judgment.  No later than forty-two (42) days prior to the hearing on Final Approval, or otherwise in accordance with the court's schedule for Final Approval Hearing, Plaintiffs shall move for entry of an order of Final Approval, granting Final Approval of this Settlement and holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided below, and ordering that the settlement relief be provided as set forth in this Agreement, ordering the releases as set forth in Part VIII, below, and entering judgment in this case.  Defendant shall have no obligation to make separate filings in support of the motion.  Defendant shall appear at the hearing to confirm its agreement with the terms of the Settlement as provided herein.

146596892.1

7.5     Exclusions and Objections.  The Notice shall advise prospective Settlement Class Members of their rights to forego the benefits of this Settlement and pursue an individual claim; to object to this Settlement individually or through counsel; and, if they object, to appear at the final approval hearing.

7.6     If any Settlement Class Member wishes to object to the settlement, the Settlement Class Member must submit a written objection to the Claim Administrator.  The written objection may be submitted by mail, express mail, electronic transmission, or personal delivery, but to be timely, it must be *delivered to* the Claim Administrator (not just postmarked or sent) prior the Objection Deadline.  Each objection must include:  (i) the case name and number: *Cicciarella, et al. v. Califia Farms, LLC*, Case No. 7:19-cv-08785; (ii) the name, address and telephone number of the objector; (iii) the name, address, and telephone number of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation; (iv) documents or testimony sufficient to establish membership in the Settlement Class; (v) a detailed statement of any objection asserted, including the grounds therefor; (vi) whether the objector is, and any reasons for, requesting the opportunity to appear and be heard at the final approval hearing; (vii) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (viii) copies of any papers, briefs, or other documents upon which the objection is based; (ix) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class Litigations submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (x) the objector's signature, in addition to the signature of the objector's attorney (if any).  Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection.  Failure to include any of the information or documentation set forth in this paragraph also shall be

grounds for overruling an objection.  The Parties may respond to any objection to the Settlement with appropriate arguments and evidence.

7.7     If any Settlement Class Member wishes to be excluded from (in other words, opt out of) this Settlement, the Settlement Class Member may do so by completing the exclusion form at the Settlement Website; downloading and submitting to the Claim Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Notice, to the Claim Administrator.  Requests to exclude themselves must be delivered (not just postmarked) by the Exclusion Deadline or they shall not be valid.  A Settlement Class Member who elects to exclude themselves from this Settlement shall not be permitted to object to this Settlement or to intervene.

7.8     The proposed Preliminary Approval order and Long Form Notice will provide that any Settlement Class Member wishing to object or exclude themselves who fails to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.

7.9     Immediately upon receipt of any objection, the Claim Administrator shall forward the objection and all supporting documentation to counsel for the Parties.  At least fourteen (14) days prior to the hearing on Final Approval, Plaintiffs' Counsel shall file all such objections and supporting documentation with the Court along with any response to the objection made by the Parties.

7.10    At least fourteen (14) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the Persons who, pursuant to the Long Form Notice, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiffs' Counsel shall file that list with the Court.

7.11    If a Settlement Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

7.12    A Settlement Class Member who objects to the settlement may also submit a Claim Form on or before the Claim Filing Deadline, which shall be processed in the same way as all other Claim Forms.  A Settlement Class Member shall not be entitled to an extension to the Claim Filing Deadline merely because the Settlement Class Member has also submitted an objection.

7.13    <u>Effect if Settlement Not Approved or Agreement is Terminated</u>.  This Agreement was entered into only for purposes of settlement.  In the event that Preliminary or Final Approval of this settlement and this Agreement does not occur for any reason, or if Final Approval is reversed on appeal, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Litigation, or in any other proceeding, and the Litigation shall continue as if the settlement had not occurred.  The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any Person other than the Parties' counsel, and only for purposes of the Litigation.

## VIII.  RELEASES

8.1    Upon Final Approval, the Representative Plaintiffs and Settlement Class Members fully and forever release the Released Parties from all rights, actions, causes of action, suits, debts, dues, sums of money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions, executions, claims, and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been or could have been asserted, by or on behalf of Plaintiffs or the Class Members, including, without limitation, any claims, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court,

tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule or regulation, including the law of any jurisdiction outside the United States, that relate to any labeling or other claim that was, or could have been, alleged in the Litigation to be false, misleading, or non-compliant with federal or state laws or regulations including without limitation labeling or other claims regarding vanilla, carrageenan, chocolate, nut, sugar or other ingredients, colors, or flavors.  The Released Claims shall extend to unknown claims pursuant to California Civil Code Section 1542, which shall be recited in the release, and like statutes from other states. This release expressly does not extend to personal injury claims regarding the Products.

       8.2     After entering into this Settlement Agreement, Plaintiffs or the Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims. Plaintiffs and the Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.

       8.3     All Parties to this Settlement Agreement, including the Class Members, specifically acknowledge that they have been informed by their legal counsel, via the Notice, of Section 1542 of the California Civil Code (and any similar State laws) and they expressly waive and relinquish any rights or benefits available to them under this statute (and any similar State laws). California Civil Code § 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

       8.4     Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Agreement shall be given full force and effect according to each and all of its expressed terms and provisions, including those related to any

-24-

unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from or are in any way connected with the Litigation.

8.5     No Admission of Liability.  This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party.  Defendant expressly denies the allegations of the Amended Complaint in the Litigation including all Labeling Claims.  Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Parties.  The Released Parties may file the Agreement and/or the Final Approval order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.6     This Agreement and all negotiations, correspondence and communications leading up to its execution will be deemed to be within the protection of Federal Rule of Evidence 408 and any analogous state or federal rules or principles.

## IX.     ADDITIONAL PROVISIONS

9.1     Best Efforts.  Subject to the limitations expressed herein, the Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement and settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, to cooperate in addressing any objections, and to obtain Final Approval of this Agreement.  The Parties and Counsel shall not

encourage anyone directly or indirectly to opt out or object; nevertheless, action by the Class Representative to object to approval of this Agreement shall not deprive the Class Representative of the right to request the incentive award as set forth in Section 6.2. If the Court requires changes to the Agreement as a prerequisite to Preliminary Approval or Final Approval, the Parties shall negotiate in good faith regarding such changes.

9.2     <u>Changes of Time Periods</u>.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendant's Counsel, without notice to Settlement Class Members except that the Claim Administrator shall ensure that such dates are posted on the Settlement Website.

9.3     <u>Termination Rights</u>.  Except for changes to the time periods as set forth in the prior paragraph, and except as set forth in Section 6.6 of this Agreement, all other terms and limitations set forth in this Agreement and in the documents referred to or incorporated herein (including but not limited to the Long Form Notice, the Print Publication Notice, the Online Notice and the Claim Form) shall be deemed material to the Parties' agreement, and in the event any such other term is altered or amended by the Court (including if the Court refuses to certify the Settlement Class and/or modifies the definition of the class), or any other court, or if any federal or state authority objects to or requires modifications to the Agreement, any Party whose rights or obligations are affected by the alteration or amendment may terminate this Agreement upon written notice to the other Party.

9.4     <u>Time for Compliance</u>.  All time periods set forth herein shall be computed in calendar days unless otherwise specified.  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

146596892.1

9.5     Governing Law.  This Agreement is intended to and shall be governed by the laws of the State of New York, without regard to conflicts of law principles that would require the application of the laws of another jurisdiction.

9.6     Entire Agreement.  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties hereto, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Agreement.  Any amendment or modification of the Agreement must be in writing signed by each of the Parties and their counsel.

9.7     Advice of Counsel.  The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel.

9.8     Binding Agreement.  This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Parties hereto.

9.9     No Waiver.  The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

9.10     Execution in Counterparts.  This Agreement shall become effective upon its execution by all of the undersigned.  The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

9.11     Captions.  Captions and section numbers herein are inserted merely for the reader's convenience, and in no way define, limit, construe, or otherwise describe the scope or intent of the provisions of this Agreement.

146596892.1

9.12    Extensions of Time.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

9.13    Enforcement of this Agreement.  The Court shall retain jurisdiction to enforce, interpret, and implement this Agreement.  All Parties hereto submit to the jurisdiction of the Court for these purposes.

9.14    Plaintiffs to be Included in Settlement Class.  Plaintiffs hereby agrees not to request to exclude himself from the Settlement Class.  Any such request shall be void and of no force or effect.

9.15    Notices.  All notices to the Parties or counsel required by this Agreement, shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiffs or Plaintiffs' Counsel:

> Michael R. Reese, Esq.
> Reese LLP
> 100 West 93rd Street, 16th Floor
> New York, New York 10025
> Telephone:  (212) 643-0500
> Facsimile:  (212) 253-4272
> Email:  mreese@reesellp.com

If to Defendant or Defendant's Counsel:

> David Biderman, Esq.
> Perkins Coie LLP
> 1888 Century Park East, Suite 1700
> Los Angeles, California 90067
> Telephone:  (310) 788-9900
> Facsimile:  (310) 788-3399
> Email: dbiderman@perkinscoie.com

9.16    Confidentiality and Non-Disparagement.  The Parties and their counsel agree that they shall not cause any aspect of the Litigation or the terms of this Settlement not available in the public record to be reported to the public, the media, news reporting services.  The Parties agree not to participate or encourage any publication of the Settlement in class action settlement reporting and aggregation websites. Any statement to the public, the media, or news reporting

services shall be limited to what is available in the public record. Neither Plaintiffs nor Defendant shall disparage the other.

9.17   Protective Orders.  All orders and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provision to certify the destruction of "Confidential" documents.

9.18   Dismissal of California State Court Litigation.  Califia and the Plaintiffs (or Mitchell alone, who is the only current plaintiff in the California State Court Action) in the California State Action will within no less than two (2) days of the full execution of this Agreement submit a stipulation and proposed Order in the California State Court that will stay the California State Court Litigation pending Final Approval of this Settlement (including any appeals), and, if Final Approval is granted, to dismiss the California State Action with prejudice.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: December 9, 2019

**REESE LLP**

_____
Michael R. Reese
*Class Counsel and Plaintiffs' Counsel*

DATED: December _9_, 2019

**SHEEHAN & ASSOCIATES, P.C.**

Spencer Sheehan
*Class Counsel and Plaintiffs' Counsel*

DATED: December _9_, 2019

**AEGIS LAW FIRM, P.C.**

Samuel A. Wong
*Plaintiffs' Counsel*

DATED: December _9_, 2019

**PERKINS COIE LLP**

_____
David Biderman
*Counsel for Defendant*

DATED: December ____, 2019

_____
Michelle A. Cicciarella
*Plaintiff and Class Representative*

146495581 1

**APPROVED AND AGREED:**

DATED:  December 9, 2019                    **REESE LLP**

_____
Michael R. Reese
*Class Counsel and Plaintiffs' Counsel*

DATED:  December ___, 2019                 **SHEEHAN & ASSOCIATES, P.C.**

_____
Spencer  Sheenan
*Class Counsel and Plaintiffs' Counsel*

DATED:  December __, 2019                  **AEGIS LAW FIRM, P.C.**

_____
Samuel A. Wong
Plaintiffs' Counsel

DATED: December __, 2019                   **PERKINS COIE LLP**

_____
David Biderman
Counsel for Defendant

DATED:  December ___, 2019

_____
Michelle A. Cicciarella
Plaintiff and Class Representative

146495581.1

**APPROVED AND AGREED (CONTINUED):**

DATED:  December ___, 2019        _____
                                                        Tanasha Rietdyk
                                                        Plaintiff and Class Representative

DATED:  December ___, 2019        _____
                                                        Daniel Mitchell
                                                        Plaintiff and Class Representative

DATED:  December ___, 2019        _____
                                                        Adriana Pena
                                                        Plaintiff and Class Representative

DATED:  December ___, 2019        _____
                                                        Kayla Villanueva
                                                        Plaintiff and Class Representative

DATED:  December 9 , 2019        *Kristen Landeros*
                                                        Kristen Landeros
                                                        Plaintiff and Class Representative

DATED:  December ___, 2019        **DEFENDANT CALIFIA FARM LLC**

                                            By: _____

                                            Name: _____

                                            Its: _____

**APPROVED AND AGREED (CONTINUED):**


DATED:  December ____, 2019            _____
                                       Tanasha Rietdyk
                                       Plaintiff and Class Representative


       12/09/2019
DATED:  December ____, 2019            _____
                                       Daniel Mitchell
                                       Plaintiff and Class Representative



DATED:  December ____, 2019            _____
                                       Adriana Pena
                                       Plaintiff and Class Representative



DATED:  December ____, 2019            _____
                                       Kayla Villanueva
                                       Plaintiff and Class Representative



DATED:  December ____, 2019            _____
                                       Kristen Landeros
                                       Plaintiff and Class Representative



DATED:  December ____, 2019            **DEFENDANT CALIFIA FARM LLC**


                                       By: _____

                                       Name: _____

                                       Its: _____

**APPROVED AND AGREED (CONTINUED):**

DATED:  December ___, 2019

    _____
    Tanasha Rietdyk
    *Plaintiff and Class Representative*

DATED:  December ___, 2019

    _____
    Daniel Mitchell
    *Plaintiff and Class Representative*

DATED:  December 10 , 2019

    _____
    Adriana Pena
    *Plaintiff and Class Representative*

DATED:  December ___, 2019

    _____
    Kayla Villanueva
    *Plaintiff and Class Representative*

DATED:  December ___, 2019

    _____
    Kristen Landeros
    *Plaintiff and Class Representative*

DATED:  December ___, 2019

    **DEFENDANT CALIFIA FARM LLC**

    By: _____

    Name: _____

    Its: _____

**APPROVED AND AGREED (CONTINUED):**

DATED: December 13, 2019

Tanasha Rietdyk
*Plaintiff and Class Representative*

DATED: December ___, 2019

Daniel Mitchell
*Plaintiff and Class Representative*

DATED: December ___, 2019

Adriana Pena
*Plaintiff and Class Representative*

DATED: December ___, 2019

Kayla Villanueva
*Plaintiff and Class Representative*

DATED: December ___, 2019

Kristen Landeros
*Plaintiff and Class Representative*

DATED: December ___, 2019

**DEFENDANT CALIFIA FARM LLC**

By: _____

Name: _____

Its: _____

-31-

146596892.1

**APPROVED AND AGREED (CONTINUED):**

DATED: December ___, 2019

                                        _____
Tanasha Rietdyk
*Plaintiff and Class Representative*

DATED: December ___, 2019

                                        _____
Daniel Mitchell
*Plaintiff and Class Representative*

DATED: December ___, 2019

                                        _____
Adriana Pena
*Plaintiff and Class Representative*

DATED: December ___, 2019

                                        _____
Kayla Villanueva
*Plaintiff and Class Representative*

DATED: December ___, 2019

                                        _____
Kristen Landeros
*Plaintiff and Class Representative*

DATED: December <u>9</u>, 2019

                                    **DEFENDANT CALIFIA FARM LLC**

By: <u>Alex Daly</u>
              CDC96432EE87448...
              Alex Daly
Name: _____

Its:   Corporate Controller

146495581.1

**APPROVED AND AGREED (CONTINUED):**

DATED:  December ___, 2019

_____
Tanasha Rietdyk
Plaintiff and Class Representative


DATED:  December ___, 2019

_____
Daniel Mitchell
Plaintiff and Class Representative


DATED:  December ___, 2019

_____
Adriana Pena
Plaintiff and Class Representative


DATED:  December 10, 2019

_____
Kayla Villanueva
Plaintiff and Class Representative


DATED:  December ___, 2019

_____
Kristen Landeros
Plaintiff and Class Representative


DATED:  December ___, 2019

**DEFENDANT CALIFIA FARM LLC**

By: _____

Name: _____

Its: _____

146495581.1

## **LIST OF EXHIBITS**

Exhibit A:     Product List

Exhibit B:     Claim Form

Exhibit C1:    Long Form Notice

Exhibit C2:    Print Publication Notice

Exhibit C3:    Online Notice

Exhibit D:     Proposed Order of Preliminary Approval

146495581.1

**EXHIBIT A**

## **PRODUCT LIST**

- Cold Brew Black Coffee – Signature Roast 10.5oz
- Cold Brew Black Coffee –Single Origin 10.5oz
- Cold Brew Black Coffee – Mocha 10.5oz
- Cold Brew Coffee – All Black Vanilla 10.5oz
- Cold Brew Black Coffee – Salted Caramel 10.5oz
- Cold Brew Black Coffee – XX Espresso 10.5oz
- Cold Brew Black Coffee – Mocha Noir 10.5oz
- Cold Brew Black Coffee – Triple Shot 10.5oz
- Cold Brew Black Coffee – Dirty Chai 10.5oz
- Cold Brew Black Coffee – Mocha Mexica 10.5oz
- Cold Brew Black Coffee – Full Shot 8x10.5oz
- Cold Brew Black Coffee – Black & White 10.5oz
- Cold Brew Black Coffee – Keto Coffee 10.5oz
- Cold Brew Black Coffee – Pumpkin Spice Latte 10.5oz
- Cold Brew Black Coffee – Peppermint Mint Mocha 10.5oz
- Cold Brew Black Coffee – Nitro Latte 10.5oz
- Cold Brew Black Coffee – Nitro New Orleans 10.5oz
- Cold Brew Black Coffee – Nitro Mocha 12x10.5oz
- Concentrated Cold Brew Coffee – Signature 25.4oz
- Concentrated Cold Brew Coffee – Mocha 25.4oz
- Concentrated Cold Brew Coffee – Vanilla 25.4oz
- Concentrated Cold Brew Coffee – Concentrated 32oz
- Cold Brew Black Coffee – Cafe Latte 48oz
- Cold Brew Black Coffee – XX Espresso 48oz
- Cold Brew Black Coffee – Mocha 48oz
- Cold Brew Black Coffee – Black & White 48oz
- Cold Brew Black Coffee – Salted Caramel 48oz
- Cold Brew Coffee – Pure Black Medium 48oz
- Cold Brew Coffee – Pure Black Lightly Sweetened 48oz
- Cold Brew Coffee – Pure Black Blonde 48oz
- Cold Brew Black Coffee – Pumpkin Spice Latte 48oz
- Cold Brew Black Coffee – Peppermint Mocha 48oz
- Cold Brew Black Coffee – Ginger Snap Latte 48oz
- Cold Brew Black Coffee – Toffee 48oz
- Cold Brew Black Coffee – Can XX Espresso 7oz

- Cold Brew Black Coffee – Can Black & White 7oz
- Cold Brew Black Coffee – Can Mocha Noir 7oz
- Cold Brew Black Coffee – Can Salted Caramel 7oz
- Better Half Original 16.9oz
- Better Half Unsweetened 16.9oz
- Better Half Hazelnut 16.9oz
- Better Half Vanilla 16.9oz
- Seasonal Creamer Pumpkin Spice 25.4oz
- Mint Cocoa Almond Creamer 25.4oz
- Seasonal Creamer Ginger Spice 25.4oz
- Toffee Tidings Almond Creamer 25.4oz
- Almondmilk – Holiday Nog 25.4oz
- Coffee Creamer – Unsweetened 25.4oz
- Coffee Creamer – Hazelnut 25.4oz
- Coffee Creamer – Vanilla 25.4oz
- Coffee Creamer – Pecan Caramel 25.4oz
- Coffee Creamer – Mexican Chocolate 25.4oz
- Coffee Creamer – Irish Cream 25.4oz
- Coffee Creamer – Dulce De Leche 25.4oz
- Barista Blend – Almond Original 32oz
- Barista Blend – Almond Unsweetened 32oz
- Oat Barista Blend 32oz
- Better Half – Vanilla 32oz
- Better Half – Unsweetened 32oz
- Better Half – Pumpkin 32oz
- Almondmilk Creamer – Vanilla 32oz
- Almondmilk Creamer – Hazelnut 32oz
- Almondmilk Creamer – Original 32oz
- Almondmilk Creamer – Pecan Caramel 32oz
- Almondmilk Creamer – Unsweetened 32oz
- Probiotic Yogurt Drink Super Berry 8oz
- Probiotic Yogurt Drink Mango 8oz
- Probiotic Yogurt Drink Strawberry 8oz
- Probiotic Yogurt Drink Super Berry 25.4oz
- Probiotic Yogurt Drink Mango 25.4oz
- Probiotic Yogurt Drink Strawberry 25.4oz
- Probiotic Yogurt Drink Unsweetened 25.4oz

146594744.1

- Almondmilk – Maca-Nilla 10.5oz
- Almondmilk – Choc-a-Maca 10.5oz
- Almondmilk – Matcha 10.5oz
- Almondmilk – CaliCoco 10.5oz
- Almondmilk – Ginger 10.5oz
- Almondmilk – Maca-spreso 10.5oz
- Organic Homestyle Almondmilk 25.4oz
- Organic Homestyle Cashew Nutmilk 25.4oz
- Organic Homestyle Coconut Milk 25.4oz
- Almondmilk – Unsweetened SS 32oz
- Almondmilk – Original 48oz
- Almondmilk – Vanilla 48oz
- Almondmilk – Unsweetened 48oz
- Almondmilk – Coconut 48oz
- Almondmilk – Unsweetened Vanilla 48oz
- Almondmilk – Chocolate 48oz
- Horchata Cinnamon 48oz
- Horchata Vanilla Coconut 48oz
- Almondmilk – Toasted Oats 'N' Almond 48oz
- Coconut Milk – Go Coconuts 48oz
- Oatmilk 48oz (including all other variations and sizes)
- Oatmilk – Unsweetened 48oz (including all other variations and sizes)
- Almondmilk – Holiday Nog 48oz
- Ubermilk – Unsweetened Vanilla 48oz
- Ubermilk – Chocolate 48oz
- Ubermilk – Unsweetened 48oz

146594744.1

**EXHIBIT B**

*Cicciarella v. Califia Farms LLC* Settlement Administrator
P.O. Box xxxx
City, ST  xxxxx-xxxx

**C3C**

*Cicciarella v. Califia Farms LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

Case No. 7:19-cv-08785

**Must Be Postmarked
No Later Than
Month XX, 2020**

# Claim Form

## CLAIMANT INFORMATION

First Name

M.I.

Last Name

Primary Address

Primary Address Continued

City

State

Zip Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

This Claim Form may be submitted online at www.[website].com or printed from the website and mailed to the address below. Claim Forms must be submitted online or postmarked <u>and</u> delivered by [Date]. Only one claim may be submitted per household.

**I.      PURCHASE INFORMATION <u>OR</u> DOCUMENTATION**

○   I am enclosing proof of purchase in the form of a printed point of purchase receipt from a third-party retail source that reasonably establishes the fact and date of the purchase of the Product during the Class Period in the United States. You will receive $1.00 for each Product purchased, up to a maximum of 20 Products.*

○   I do not have proof of my Product purchase. I have provided the Product name(s), approximate price(s), approximate date(s) of purchase, store name(s) and store location(s) as required below. You will receive $0.50 for each Product purchased, up to a maximum of 10 Products.**

1.   Product                          $        .          Date of Purchase   M M / D D / Y Y

Store Name                          Store Location

2.   Product                          $        .          Date of Purchase   M M / D D / Y Y

Store Name                          Store Location

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ DOC ○ LC ○ REV | ○ RED ○ A ○ B |

1

3. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location

4. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location

5. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location

6. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location

7. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location

8. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location

9. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location

10. 
Product                                              $ . Approx. Price              M M / D D / Y Y Date of Purchase

Store Name                                              Store Location



## II.    SIGNATURE

I am a Settlement Class Member or a Person with authority to sign and bind the Settlement Class Member. I certify the truth and accuracy of the foregoing information under the penalty of perjury.

By submitting this claim, you acknowledge that you hold the Settlement Administrator harmless from any and all losses, claims, liabilities, damages, or suits arising out of or in connection with the issuance of any distribution payment in this matter, including those resulting from the submission of incorrect contact information or fraud.

Signature: _____     Dated (mm/dd/yyyy): _____

Print Name: _____

Email Address (optional if mailing this Claim Form)

This Claim Form must be submitted online or mailed to the Settlement Administrator at the address below
so it is postmarked <u>and</u> delivered by [**Date**].

*Cicciarella v. Califia Farms LLC* Settlement Administrator
[address]
[city] [state] [zip]

*Payment amounts will be reduced on a *pro rata* basis (equally proportioned) if the total amount of money claimed with proof of purchase is more than $2,000,000.00.

**Payment amounts will be reduced on a *pro rata* basis (equally proportioned) if the total amount of money claimed without proof of purchase is more than $1,000,000.00.



3

THIS PAGE INTENTIONALLY LEFT BLANK





*Cicciarella v. Califia Farms LLC* Settlement Administrator
P.O. Box xxxx
City, ST  xxxxx-xxxx

## C3C

*Cicciarella v. Califia Farms LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

Case No. 7:19-cv-08785

**Must Be Postmarked
No Later Than
Month XX, 2020**

# Exclusion Request/Opt-Out Form

**CLAIMANT INFORMATION**

First Name      M.I.      Last Name

Primary Address

Primary Address Continued

City      State      Zip Code

Foreign Province      Foreign Postal Code      Foreign Country Name/Abbreviation

This Exclusion Request/Opt-Out Form may be submitted online at www.[website].com or printed from the website and mailed to the address below. Exclusion Request/Opt-Out Forms must be submitted online or postmarked <u>and</u> delivered by [**Date**].

## I.    SIGNATURE

I am a Settlement Class Member, and I purchased one or more of the Products included in the settlement. I wish to be excluded from the settlement in *Cicciarella v. Califia Farms LLC*, Case No. 7:19-cv-08785. I understand that by submitting this form, I am requesting exclusion from the settlement and I will not receive a settlement payment.

Signature: _____  Dated (mm/dd/yyyy): _____

Print Name: _____

This form must be submitted online or mailed to the Settlement Administrator at the address below
so it is postmarked <u>and</u> delivered by [**Date**].

*Cicciarella v. Califia Farms LLC* Settlement Administrator
[address]
[city] [state] [zip]



| FOR CLAIMS PROCESSING ONLY | OB | CB | DOC | RED |
|---|---|---|---|---|
| | | | LC | A |
| | | | REV | B |

1

**EXHIBIT C1**

UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK

# If you bought certain Califia Farms dairy-alternative beverage and yogurt products, you may be eligible for a payment from a class action settlement.

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- A settlement has been reached with Califia Farms, LLC ("Califia") in a class action lawsuit about the marketing, advertising and labeling of certain dairy-alternative beverage and yogurt products.

- You are included in this settlement as a Settlement Class Member if you purchased certain Califia Farms brand dairy-alternative milk, cold brew coffee, non-dairy creamer, yogurt, and/or yogurt drinks from August 7, 2014 through [Preliminary Approval date].

- Your rights are affected whether you act or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM**<br>**DEADLINE: [DATE]** | This is the only way you can receive a payment from this settlement. If you submit a Claim Form, you will give up the right to sue Califia in a separate lawsuit about the legal claims this settlement resolves. |
| **ASK TO BE EXCLUDED**<br>**DEADLINE: [DATE]** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Califia related to the legal claims this settlement resolves. However, you will give up the right to get a payment from this settlement. |
| **OBJECT TO THE**<br>**SETTLEMENT**<br>**DEADLINE: [DATE]** | If you do not exclude yourself from the settlement, you may object to it by writing to the Court about why you don't like the settlement. If you object, you may also file a claim for a payment. |
| **GO TO A HEARING**<br>**ON [DATE]** | You may object to the settlement and ask the Court for permission to speak at the Final Approval Hearing about your objection. |
| **DO NOTHING** | Unless you exclude yourself, you are automatically part of the settlement. If you do nothing, you will not get a payment from this settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against Califia about the legal claims resolved by this settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

| WHAT THIS NOTICE CONTAINS |
| --- |

**BASIC INFORMATION** ......................................................................................................................**PAGE 3**
    1.  Why was this Notice issued?
    2.  What is this lawsuit about?
    3.  What is a class action?
    4.  Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT**      **PAGE 3**
    5.  How do I know whether I am part of the settlement?
    6.  Are there exceptions to being included?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**      **PAGE 5**
    7.  What does the settlement provide?
    8.  How much will my payment be?

**HOW TO GET A SETTLEMENT PAYMENT—SUBMITTING A CLAIM FORM**      **PAGE 5**
    9.  How do I get a payment from the settlement?
   10.  When would I get my settlement payment?
   11.  What rights am I giving up to get a payment and stay in the Settlement Class?
   12.  What are the Released Claims?

**THE LAWYERS REPRESENTING YOU**      **PAGE 6**
   13.  Do I have a lawyer in this case?
   14.  How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**      **PAGE 6**
   15.  How do I get out of the settlement?
   16.  If I exclude myself, can I still get a payment from this settlement?
   17.  If I do not exclude myself, can I sue Califia for the same legal claims later?

**OBJECTING TO THE SETTLEMENT**      **PAGE 7**
   18.  How do I tell the Court that I do not like the settlement?
   19.  May I come to Court to speak about my objection?
   20.  What is the difference between objecting to the settlement and asking to be excluded from it?

**THE COURT'S FINAL APPROVAL HEARING**      **PAGE 8**
   21.  When and where will the Court decide whether to approve the settlement?
   22.  Do I have to come to the hearing?
   23.  May I speak at the hearing?

**IF YOU DO NOTHING**      **PAGE 8**
   24.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**      **PAGE 8**
   25.  How do I get more information?

## BASIC INFORMATION

### 1. Why was this Notice issued?

A court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Judge Cathy Seibel of the United States District Court for the Southern District of New York is overseeing this class action. The case is known as *Cicciarella v. Califia Farms LLC*, Case No. 7:19-cv-08785 (the "Litigation"). The people that filed this lawsuit are called the "Plaintiffs" and the company they sued, Califia Farms, LLC, is called the "Defendant."

### 2. What is this lawsuit about?

This lawsuit is about the marketing, advertising, and labeling of certain Califia dairy-alternative milk, cold brew coffee, non-dairy creamer, yogurt and/or yogurt drinks. Plaintiffs allege that the Defendant made false and misleading labeling claims regarding vanilla, carrageenan, chocolate, nut or other colors or flavors. Califia denies that it falsely marketed, advertised, and labeled its products and denies all of the claims made in the lawsuit.

### 3. What is a class action?

In a class action, one or more people called Class Representatives (in this case, Michelle Ann Cicciarella, Tanasha Rietdyk, Daniel Mitchell, Adriana Pena, Kayla Villanueva, and Kristen Landeros) sue on behalf of other people with similar claims. Together, the people included in the class action are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, the Plaintiffs and Defendant agreed to a settlement. This way, they avoid the cost and burden of a trial, and the people affected can get benefits. The Class Representatives and their attorneys think the settlement is best for all Settlement Class Members.

### WHO IS INCLUDED IN THE SETTLEMENT

### 5. How do I know whether I am part of the settlement?

The settlement includes all consumers in the United States who purchased the Products from August 7, 2014 through [Preliminary Approval date] (the "Settlement Class Period").

| Califia Farm Products | |
|---|---|
| **Creamers** | **Coffee** |
| Better Half Original 16.9oz | Cold Brew Black Coffee – Signature Roast 10.5oz |
| Better Half Unsweetened 16.9oz | Cold Brew Black Coffee –Single Origin 10.5oz |
| Better Half Hazelnut 16.9oz | Cold Brew Black Coffee – Mocha 10.5oz |
| Better Half Vanilla 16.9oz | Cold Brew Coffee – All Black Vanilla 10.5oz |
| Seasonal Creamer Pumpkin Spice 25.4oz | Cold Brew Black Coffee – Salted Caramel 10.5oz |
| Mint Cocoa Almond Creamer 25.4oz | Cold Brew Black Coffee – XX Espresso 10.5oz |
| Seasonal Creamer Ginger Spice 25.4oz | Cold Brew Black Coffee – Mocha Noir 10.5oz |
| Toffee Tidings Almond Creamer 25.4oz | Cold Brew Black Coffee – Triple Shot 10.5oz |
| Almondmilk – Holiday Nog 25.4oz | Cold Brew Black Coffee – Dirty Chai 10.5oz |
| Coffee Creamer – Unsweetened 25.4oz | Cold Brew Black Coffee – Mocha Mexica 10.5oz |

| | |
|---|---|
| Coffee Creamer – Hazelnut 25.4oz | Cold Brew Black Coffee – Full Shot 8x10.5oz |
| Coffee Creamer – Vanilla 25.4oz | Cold Brew Black Coffee – Black & White 10.5oz |
| Coffee Creamer – Pecan Caramel 25.4oz | Cold Brew Black Coffee – Keto Coffee 10.5oz |
| Coffee Creamer – Mexican Chocolate 25.4oz | Cold Brew Black Coffee – Pumpkin Spice Latte 10.5oz |
| Coffee Creamer – Irish Cream 25.4oz | Cold Brew Black Coffee – Peppermint Mint Mocha 10.5oz |
| Coffee Creamer – Dulce De Leche 25.4oz | Cold Brew Black Coffee – Nitro Latte 10.5oz |
| Barista Blend – Almond Original 32oz | Cold Brew Black Coffee – Nitro New Orleans 10.5oz |
| Barista Blend – Almond Unsweetened 32oz | Cold Brew Black Coffee – Nitro Mocha 12x10.5oz |
| Oat Barista Blend 32oz | Concentrated Cold Brew Coffee – Signature 25.4oz |
| Better Half – Vanilla 32oz | Concentrated Cold Brew Coffee – Mocha 25.4oz |
| Better Half – Unsweetened 32oz | Concentrated Cold Brew Coffee – Vanilla 25.4oz |
| Better Half – Pumpkin 32oz | Concentrated Cold Brew Coffee – Concentrate 32oz |
| Almondmilk Creamer – Vanilla 32oz | Cold Brew Black Coffee – Cafe Latte 48oz |
| Almondmilk Creamer – Hazelnut 32oz | Cold Brew Black Coffee – XX Espresso 48oz |
| Almondmilk Creamer – Original 32oz | Cold Brew Black Coffee – Mocha 48oz |
| Almondmilk Creamer – Pecan Caramel 32oz | Cold Brew Black Coffee – Black & White 48oz |
| Almondmilk Creamer – Unsweetened 32oz | Cold Brew Black Coffee – Salted Caramel 48oz |
| **Non-Dairy Milk/Beverages** | Cold Brew Coffee – Pure Black Medium 48oz |
| Almondmilk – Maca-Nilla 10.5oz | Cold Brew Coffee – Pure Black Lightly Sweetened 48oz |
| Almondmilk – Choc-a-Maca 10.5oz | Cold Brew Coffee – Pure Black Blonde 48oz |
| Almondmilk – Matcha 10.5oz | Cold Brew Black Coffee – Pumpkin Spice Latte 48oz |
| Almondmilk – CaliCoco 10.5oz | Cold Brew Black Coffee – Peppermint Mocha 48oz |
| Almondmilk – Ginger 10.5oz | Cold Brew Black Coffee – Ginger Snap Latte 48oz |
| Almondmilk – Maca-spreso 10.5oz | Cold Brew Black Coffee – Toffee 48oz |
| Organic Homestyle Almondmilk 25.4oz | Cold Brew Black Coffee – Can XX Espresso 7oz |
| Organic Homestyle Cashew Nutmilk 25.4oz | Cold Brew Black Coffee – Can Black & White 7oz |
| Organic Homestyle Coconut Milk 25.4oz | Cold Brew Black Coffee – Can Mocha Noir 7oz |
| Almondmilk – Unsweetened SS 32oz | Cold Brew Black Coffee – Can Salted Caramel 7oz |
| Almondmilk – Original 48oz | **Yogurt Drinks** |
| Almondmilk – Vanilla 48oz | Probiotic Yogurt Drink Super Berry 8oz |
| Almondmilk – Unsweetened 48oz | Probiotic Yogurt Drink Mango 8oz |
| Almondmilk – Coconut 48oz | Probiotic Yogurt Drink Strawberry 8oz |
| Almondmilk – Unsweetened Vanilla 48oz | Probiotic Yogurt Drink Super Berry 25.4oz |
| Almondmilk – Chocolate 48oz | Probiotic Yogurt Drink Mango 25.4oz |
| Horchata Cinnamon 48oz | Probiotic Yogurt Drink Strawberry 25.4oz |
| Horchata Vanilla Coconut 48oz | Probiotic Yogurt Drink Unsweetened 25.4oz |
| Almondmilk – Toasted Oats 'N' Almond 48oz | |
| Coconut Milk – Go Coconuts 48oz | |
| Oatmilk 48oz  (and all other variations/sizes) | |
| Oatmilk – Unsweetened 48oz  (and all other variations/sizes) | |
| Almondmilk – Holiday Nog 48oz | |
| Ubermilk – Unsweetened Vanilla 48oz | |
| Ubermilk – Chocolate 48oz | |
| Ubermilk – Unsweetened 48oz | |

### 6. Are there exceptions to being included?

Yes. The settlement does not include: (1) persons who purchased Products for the purpose of resale; (2) persons who made a valid, timely request for exclusion; (3) Hon. Cathy Seibel and Donald L. Morrow of JAMS, and any members of their immediate family; (4) any government entities; and (5) Defendant and each and all of its predecessors in interest, successors and assigns, and their former, present and future direct and indirect subsidiaries, divisions, parents, owners, successors, and affiliated companies and each and all of their former, present and future officers, directors, shareholders, partners, employees, agents, representatives, suppliers, resellers, retailers, wholesalers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, executors and administrators.

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 7. What does the settlement provide?

Califia has agreed to make payments to Settlement Class Members who submit valid Claim Forms. In addition to payments, Califia has agreed to modify the labeling of certain dairy-alternative milk, cold brew coffee, non-dairy creamer, yogurt and yogurt drink products.

### 8. How much will my payment be?

If you submit a valid Claim Form with Proof of Purchase, you will receive $1.00 for each Product purchased, up to a maximum of 20 Products. If the total dollar amount of valid claims submitted with Proof of Purchase is more than $2,000,000.00, payments will be reduced on a *pro rata* basis (equally proportioned).

If you submit a valid Claim Form without Proof of Purchase, you will receive $0.50 for each Product purchased, up to a maximum of 10 Products. If the total dollar amount of valid claims submitted without Proof of Purchase is more than $1,000,000.00, payments will be reduced on a *pro rata* basis (equally proportioned).

### HOW TO GET A SETTLEMENT PAYMENT—SUBMITTING A CLAIM FORM

### 9. How do I get a payment from the settlement?

You must complete and submit a Claim Form by **[Date]**. Claim Forms may be submitted online at www.Website.com or printed from the website and mailed to the Settlement Administrator at the address on the form. Claim Forms are also available by calling 1-XXX-XXX-XXXX or by writing to the Settlement Administrator, *Cicciarella v. Califia Farms LLC* Settlement Administrator, [address], [city], [state] [zip].

### 10. When would I get my settlement payment?

The Court will hold a hearing on [Final Approval Hearing date] to decide whether to grant final approval to the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible, if and when the Court grants final approval to the settlement and after any appeals are resolved.

### 11. What rights am I giving up to get a payment and stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class. If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against Califia and the Released Parties (see next question) about the legal issues resolved by this settlement. The rights you are giving up are called Released Claims.

### 12. What are the Released Claims?

If and when the settlement becomes final, Settlement Class Members will fully and forever release Califia Farms, LLC and each and all of its predecessors in interest, successors and assigns, and their former, present and future direct and indirect subsidiaries, divisions, parents, owners, successors, and affiliated companies and each and all of their former, present and future officers, directors, shareholders, partners, employees, agents,

representatives, suppliers, resellers, retailers, wholesalers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, executors and administrators, whether specifically named and whether or not participating in the settlement by payment or otherwise (the "Released Parties") from all rights, actions, causes of action, suits, debts, dues, sums of money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions, executions, claims, and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been or could have been asserted, by or on behalf of Plaintiffs or the Class Members, including, without limitation, any claims, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule or regulation, including the law of any jurisdiction outside the United States, that relates to any labeling or other claim that was, or could have been, alleged in the Litigation to be false, misleading, or non-compliant with federal or state laws or regulations including without limitation labeling or other claims regarding vanilla, carrageenan, chocolate, nut, sugar or other ingredients, colors or flavors. The Released Claims shall extend to unknown claims pursuant to California Civil Code Section 1542, which shall be recited in the release, and like statutes from other states.

More details about the claims you will be releasing are described in Part VIII of the Settlement Agreement, available at www.Website.com.

**THE LAWYERS REPRESENTING YOU**

### 13. Do I have a lawyer in this case?

Yes. Judge Seibel appointed the law firms of Reese LLP and Sheehan & Associates, PLC to represent you and other Settlement Class Members as "Plaintiffs' Counsel." This law firm and its lawyers are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Plaintiffs' Counsel will ask the Court for an award of attorneys' fees and costs of up to $750,000.00. They will also ask the Court to approve a $5,000.00 incentive award to each of the Class Representatives. The Court may award less than these amounts. If approved, these fees, costs, and awards will be paid separately by the Defendant and will not reduce the amount of money available to Settlement Class Members.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you want to keep the right to sue or continue to sue Califia or the Released Parties about the legal claims in this case, and you do not want to receive a payment from this settlement, you must take steps to get out of the settlement. This is called excluding yourself from or opting out of the settlement.

### 15. How do I get out of the settlement?

To exclude yourself from the settlement, you must submit a written request for exclusion online or by mail. Your request for exclusion must include: (1) your name; (2) your current address; (3) a statement that you are a Settlement Class Member and you purchased one or more of the Products and wish to be excluded from the settlement in *Cicciarella v. Califia Farms LLC*, Case No. 7:19-cv-08785; and (4) your signature. Your request for exclusion must be submitted online or mailed to the Settlement Administrator at the address below so it is postmarked and delivered by **[Date]**:

*Cicciarella v. Califia Farms LLC* Settlement Administrator
[address]
[city] [state] [zip]

**16. If I exclude myself, can I still get a payment from this settlement?**

No. If you exclude yourself, you are telling the Court that you don't want to be part of the settlement. You can get a payment only if you stay in the settlement and submit a valid Claim Form.

**17. If I do not exclude myself, can I sue Califia for the same legal claims later?**

No. Unless you exclude yourself, you are giving up the right to sue Califia and the Released Parties for the claims that this settlement resolves. You must exclude yourself from *this* Litigation to start or continue with your own lawsuit or be part of any other lawsuit against Califia or any of the Released Parties.

OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the settlement or any part of it.

**18. How do I tell the Court that I do not like the settlement?**

If you are a Settlement Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Your objection must include: (1) the case name and number (*Cicciarella v. Califia Farms LLC*, Case No. 7:19-cv-08785; (2) your name, address and telephone number; (3) the name, address, and telephone number of your attorney (if any) who represents you, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation; (4) documents or testimony proving your membership in the Settlement Class (such as a receipt); (5) a detailed statement of your objections; (6) a statement indicating whether you plan to appear and be heard at the Final Approval Hearing; (7) the identity of all counsel (if any) representing you who will appear at the Final Approval Hearing and, if applicable, a list of all persons who will be called to testify in support of your objection; (8) copies of any papers, briefs, or other documents that support your objection; (9) a detailed list of any other objections submitted by you, or your attorney, to any class litigations submitted in any state or federal court in the United States in the previous five years (or a statement indicating that no such prior objections have been made); and (10) your signature and the signature of your attorney (if any).

Your written objection may be submitted by mail, express mail, electronic transmission, or personal delivery. It must be <u>delivered</u> to the Settlement Administrator (not just postmarked or sent) by [**Date**].

*Cicciarella v. Califia Farms LLC* Settlement Administrator
[address]
[city] [state] [zip]
Email:

**19. May I come to Court to speak about my objection?**

Yes. You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing. Remember, your objection must be <u>delivered</u> to the Settlement Administrator by **[Date]**.

**20. What is the difference between objecting to the settlement and asking to be excluded from it?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Settlement Class (that is, do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you cannot object because the settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| **21. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court will hold a Final Approval Hearing at _:__ _.m. on _____ in Courtroom 621 at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. It will also consider whether to approve Plaintiffs' Counsel's request for an award of attorneys' fees and costs, as well as the Class Representatives' incentive awards. If there are objections, the Court will consider them. Judge Seibel will listen to people who have asked to speak at the hearing (*see* Question 19 above). After the hearing, the Court will decide whether to approve the settlement.

| **22. Do I have to come to the hearing?** |
|---|

No. Plaintiffs' Counsel will answer any questions Judge Seibel may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you delivered your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| **23. May I speak at the hearing?** |
|---|

Yes. You may ask the Court for permission to speak at the Final Approval Hearing (*see* Question 19 above).

### IF YOU DO NOTHING

| **24. What happens if I do nothing at all?** |
|---|

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in Question 12, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Califia and the Released Parties about the legal issues resolved by this settlement. In addition, you will not receive a payment from the settlement.

### GETTING MORE INFORMATION

| **25. How do I get more information?** |
|---|

This Notice summarizes the proposed settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.Website.com. Additional information is also available by calling 1-XXX-XXX-XXXX or by writing to *Cicciarella v. Califia Farms LLC* Settlement Administrator, [address]. Publicly-filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Southern District of New York or reviewing the Court's online docket.

**EXHIBIT C2**

<u>Legal Notice</u>

# If you bought certain Califia Farms dairy-alternative beverage and yogurt products, you may be eligible for a payment from a class action settlement.

A settlement has been reached with Califia Farms, LLC ("Califia" or "Defendant") in a class action lawsuit about whether it falsely marketed, advertised, and labeled certain dairy-alternative beverages and yogurts. Califia denies that it falsely marketed, advertised, and labeled its products and denies all of the claims made in the lawsuit. The Court has not decided which side is right.

**Who is included?** You are included in the settlement as a "Settlement Class Member" if you purchased certain Califia Farms brand dairy-alternative milk, cold brew coffee, non-dairy creamer, yogurt, and/or yogurt drinks from August 7, 2014 through [Preliminary Approval date].

**What does the settlement provide?** Califia has agreed to make payments to Settlement Class Members who submit valid Claim Forms. In addition to payments, Califia has agreed to modify the labeling of certain dairy-alternative milk, cold brew coffee, non-dairy creamer, yogurt, and yogurt drink products.

Settlement Class Members who submit a valid Claim Form with Proof of Purchase will receive $1.00 for each Product purchased, up to a maximum of 20 Products. If the total dollar amount of valid claims submitted with proof of purchase is more than $2,000,000, payments will be reduced on a *pro rata* basis (equally proportioned).

Settlement Class Members who submit a valid Claim Form without Proof of Purchase will receive $0.50 for each Product purchased, up to a maximum of 10 Products. If the total dollar amount of valid claims submitted without proof of purchase is more than $1,000,000, payments will be reduced on a *pro rata* basis (equally proportioned).

**How do I get a payment?** You must submit a valid Claim Form by **[DATE]**. Claim Forms may be submitted online at www.[website].com or printed from the website and mailed to the address on the form. Claim Forms are also available by calling 1-___-___-____.

**Your other options.** If you are included in the settlement and do nothing, your rights will be affected and you won't get a payment. If you don't want to be legally bound by the settlement, you must exclude yourself from it by [Date]. Unless you exclude yourself, you won't be able to sue or continue to sue Califia for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by [Date]. More information about these options is available at www.[website].com.

**The Court's hearing.** The Court will hold a hearing in this case (*Cicciarella v. Califia Farms LLC*, Case No. 7:19-cv-08785) at __:_0 _.m. on [Date] at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, New York. At the hearing, the Court will decide whether to approve the settlement; Plaintiffs' Counsel's request for attorneys' fees and costs ($750,000), and service awards to the Class Representatives ($5,000 each). You or your lawyer may appear at the hearing at your own expense.

**1-___-___-____**
**www.[website].com**

**EXHIBIT C3**



**Cicciarella v. Califia Farms LLC**   •••
Sponsored · 🌐

If you bought certain Califia Farms dairy-
alternative beverage and yogurt products, you
may be eligible for a payment from …See More



WEBSITE.COM
**Cicciarella v. Califia Farms LLC**     LEARN MORE

👍 Like       💬 Comment       ↗ Share



**<u>EXHIBIT D</u>**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE ANN CICCIARELLA and TANASHA RIETDYK, *individually on behalf of all others similarly situated*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　– against –<br><br>CALIFIA FARMS, LLC,<br><br>　　　　　　　　　Defendant. | No. 7:19-cv-08785-CS<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF FORM NOTICE, AND SCHEDULING OF FINAL APPROVAL HEARING** |

Upon consideration of the Motion by Plaintiffs Michelle Ann Cicciarella, Tanasha Rietdyk, Daniel Mitchell, Adriana Pena, Kayla Villanueva, and Kristen Landeros for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing, and the entire record herein, the Court grants preliminary approval of the Settlement contained in the Parties' Class Settlement Agreement filed on December 13, 2019 ("Settlement Agreement"), upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning they have in the Settlement Agreement. The Court makes the following findings:

### FINDINGS OF FACT

1.　　　Plaintiffs bring their Motion for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing before the Court, with the consent of Defendant Califia Farms, LLC ("Defendant").

1

2.      The Parties, through their counsel, conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

3.      The Parties engaged in discovery, where Defendant provided Class Counsel with extensive information and documents.

4.      In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

5.      The Parties entered into a Settlement Agreement pursuant to which they agreed to settle the Action, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice.

6.      The Court has reviewed the Settlement Agreement, including the exhibits attached thereto, and the Declarations of Michael R. Reese and Carla A. Peak, and exhibits attached thereto, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      **Stay of the Action.**  All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

2.     **Preliminary Class Certification for Settlement Purposes Only.**  Having made the findings set forth above, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class").  The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class.  If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of  class certification or any other issue. Defendant retains all rights to assert that the Action may not be certified as a class action, other than for purposes of this Settlement.

3.     **Class Definition.**  The Settlement Class is defined as all persons and entities who, from August 7, 2014 to December 20, 2019, both resided in the United States (defined to including both states and territories of the United States), and purchased in the United States any of the Products listed in Exhibit A to the Settlement Agreement.  Excluded from the Settlement Class are: (a) Defendant's officers, directors, employees and attorneys; (b) governmental entities;

(c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class.

4.  **Class Representatives and Class Counsel.**  The Court appoints Michael R. Reese of Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as class counsel for the Settlement Class.  Michelle Ann Cicciarella, Tanasha Rietdyk, Daniel Mitchell, Adriana Pena, Kayla Villanueva, and Kristen Landeros are hereby appointed as the Class Representatives.

5.  **Preliminary Settlement Approval.**  The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Final Approval Fairness Hearing provided for below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the Class.

6.  **Jurisdiction.**  The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7.  **Fairness Hearing.**  A Fairness Hearing shall be held on April 21, 2020 a..m. at the United States District Court for the Southern District Court of New York in the Courtroom 621 at 300 Quarropas Street, White Plains, New York, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a), 23(b)(2) and (b)(3); (b) whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the releases set forth in the Settlement

Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiffs for Class Representative Incentive Awards should be approved.  The submissions of the Parties in support of the Settlement, including Class Counsel's application for Attorneys' Fees and Expenses and the Class Representative Incentive Awards, shall be filed with the Court no later than forty-two (42) days prior to the deadline for submission of objections and may be supplemented up to seven (7) days prior to the Fairness Hearing.

8. **Administration and Class Notice.**

a.      The Court accepts the recommendations of Class Counsel and Defendant, and hereby appoints KCC, LLC to serve as Settlement Administrator in accordance with the terms of the Settlement Agreement, and to help implement the terms of the Settlement Agreement.

b.      The proposed Class Notice, Summary Settlement Notice, and notice methodology described in the Settlement Agreement and in the Declaration of Carla A. Peak (the "Peak Declaration") are hereby approved.

c.      No later than fourteen (14) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice Plan to commence as described in the Peak Declaration.  Specifically, the Settlement Administrator shall establish a website that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information.  The website shall include materials agreed upon by the Parties and as further ordered by this Court.

d.      The Settlement Administrator shall disseminate any remaining notice, as stated in the Settlement Agreement and the Peak Declaration.

e.      Not later than ten (14) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) attests to the proper implementation of the Notice Plan.

f.      No later than ten (10) calendar days after the Settlement Agreement is filed with the Court, the Settlement Administrator, with assistance from the Parties as needed, shall mail or cause the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a).

9.      **Findings Concerning Notice.**  The Court finds that the form, content, and method of giving notice to the Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

10.      **Exclusion from Settlement Class.**  Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Settlement under this Agreement. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period.  Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Settlement Administrator by U.S. Mail a personally signed letter including their name and address and providing a clear statement communicating that they elect to be excluded from the Settlement Class.  Any request for exclusion must be postmarked on or before the Opt-Out Date specified in this Preliminary Approval Order.  Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendant or other Released Persons (as defined in the Settlement Agreement) relating to the claims and transactions released in this Action.

11.      **Objections and Appearances.**  Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date. Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), and filed with the Court, with a copy delivered to Class Counsel and Defendant's Counsel at the addresses set forth in the Class Notice, no later than the Objection Date.  The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a declaration submitted under penalty of perjury that the objector purchased the Products during the period of time described in the Settlement Class definition or receipt(s) reflecting such purchase(s); (d) a statement whether the objector intends to appear at the Final

Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) the objector's signature.

Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses and Class Representative Incentive Awards.  Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendant's Counsel, and file the notice of appearance with the Court, no later than twenty (21) days before the Final Approval Hearing, or as the Court may otherwise direct.

Any Settlement Class Member who fails to comply with Section VI.6.2 of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action, including, but not limited to, the Released Claims and the releases in Section VII of the Agreement.

Class Counsel shall have the right, and Defendant shall reserve its right, to respond to any objection no later than seven (7) days before the Final Approval Hearing.  The Party so responding shall file a copy of the response with the Court and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the

individually-hired attorney for the objecting Settlement Class Member, to all Class Counsel, and to Defendant's Counsel.

12.     **Disclosures.**  The Settlement Administrator, Defendant's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

13.     **Termination of Settlement.**  This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

14.     **Nationwide Stay and Preliminary Injunction.**  Effective immediately, any actions or proceedings pending in any state or federal court in the United States involving the labeling or marketing of Defendant's Products, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action.

In addition, pending the final Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from demanding, threatening, filing,

commencing, prosecuting, maintaining, intervening in, participating in (as class members or

otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative,

regulatory, or other proceeding or order in any jurisdiction in the United States (defined to

including both states and territories of the United States) arising out of or relating to the Products

or the facts and circumstances at issue in the Action.

Also, pending the final Fairness Hearing and issuance of a final order and judgment in

this Action, all members of the Settlement Class and their legally authorized representatives are

hereby preliminarily enjoined from demanding, threatening, filing, commencing, prosecuting, or

maintaining any other lawsuit on behalf of members of the Settlement Class, if such other action

is based on or relates to Defendant's Products.

Under the All Writs Act, the Court finds that issuance of this nationwide stay and

injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action.  The

Court finds no bond is necessary for issuance of this injunction.

15.     **Effect of Settlement Agreement and Order.**  Class Counsel, on behalf of the

Settlement Class, and Defendant entered into the Agreement solely for the purpose of

compromising and settling disputed claims.  This Order shall be of no force or effect if the

Settlement does not become final and shall not be construed or used as an admission, concession,

or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  The

Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are

not, and should not in any event be (a) construed, deemed, offered, or received as evidence of a

presumption, concession, or admission on the part of Plaintiffs, Defendant, any member of the

Settlement Class or any other person; or (b) offered or received as evidence of a presumption,

concession, or admission by any person of any fault, wrongdoing, breach, or liability, or that the

claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

16.     **Retaining Jurisdiction.**  This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.  If the Settlement receives final approval, this Court shall retain jurisdiction over any action to enforce the release provisions in the Settlement Agreement.

17.     **Continuance of Hearing.**  The Court reserves the right to adjourn or continue the Final Approval Hearing without further written notice.

The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

a.     Plaintiffs shall file theirs Motion for Final Approval of the Settlement by no later than March 10, 2020.

b.     Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Expenses, and Motion for Incentive Award by no later than March 10, 2020.

c.     Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and the Motion for Incentive Award by no later than March 24, 2020.

d.     Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than March 24, 2020.

e.     Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than March 31, 2020.

      f.     The Settlement Administrator shall file a declaration or affidavit with the Court that confirms the implementation of the Notice Plan pursuant to the Preliminary Approval Order April 7, 2020.

      g.     Class Counsel and Defendant's Counsel shall have the right to respond to any objection no later than April 14, 2020.

      h.     The Fairness Hearing will take place on April 21, 2020 at 10:00 a.m. at the United States District Court for the Eastern District Court of New York in the Courtroom 621 at 300 Quarropas Street, White Plains, New York.

**SO ORDERED this ___ day of December, 2019:**

 

                                        _____

                                        Honorable Cathy Seibel
                                        United States District Judge

**<u>EXHIBIT 2</u>**

# **REESE LLP**

Reese LLP represents consumers in a wide array of class action litigation throughout the nation. The attorneys of Reese LLP are skilled litigators with years of experience in federal and state courts. Reese LLP is based in New York, New York with offices also in California.

Recent and current cases litigated by the attorneys of Reese LLP on behalf of consumers include the following:

*The Praxis Project, Pastor William Lamar and Pastor Delman Coates v. The Coca-Cola Co.*, case no. 2017 CA0040801-B (Superior Court of the District of Columbia)(consumer action against Coca-Cola for misrepresentations to minority communities in effort to discredit scientific link between sugar sweetened beverages and diabetes and other adverse health effects); *Hasemann v. Gerber Products Co.*, case no. 15-cv-02995-MKB-RER (E.D.N.Y.)(case involving misrepresentation of health benefits of baby formula in violation of New York consumer protection laws);     *Worth v. CVS Pharmacy, Inc.*, case no. 16-cv-00498 (E.D.N.Y.); (E.D.N.Y.)(class action for alleged misrepresentations regarding health benefits of dietary supplement); *Roper v. Big Heart Pet Brands, Inc.*, case no. 19-cv-00406-DAD (E.D. Cal.)(class action regarding pet food); *Ackerman v. The Coca-Cola Co.*, 09-CV-0395 (JG) (RML) (E.D.N.Y.)(class action for violation of California and New York's consumer protection laws pertaining to health beverages); *Rapaport-Hecht v. Seventh Generation, Inc.*, 14-cv-9087-KMK (S.D.N.Y.)(class action for violation of California and New York's consumer protection laws pertaining to personal care products); *Berkson v. GoGo, LLC,* 14-cv-1199-JWB-LW (E.D.N.Y.)(class action regarding improper automatic renewal clauses); *Chin v. RCN Corporation*, 08-cv-7349 RJS (S.D.N.Y.)(class action for violation of Virginia's consumer protection law by I.S.P. throttling consumers' use of internet); *Bodoin v. Impeccable L.L.C.*, Index. No. 601801/08 (N.Y. Sup. Ct.)(individual action for conspiracy and fraud); *Young v. Wells Fargo & Co.*, 08-CV-507 (S.D. Iowa)(class action for violation of the RICO Act pertaining to mortgage related fees); *Murphy v. DirecTV, Inc.*, 07-CV-06545 FMC (C.D. Cal.)(class action for violation of California's consumer protection laws); *Bain v. Silver Point Capital Partnership LLP,* Index No. 114284/06 (N.Y. Sup. Ct.)(individual action for breach of contract and fraud); *Siemers v. Wells Fargo & Co.*, C-05-4518 WHA (N.D. Cal.)(class action for violation of § 10(b) of the Securities Exchange Act of 1934 pertaining to improper mutual fund fees); *Dover Capital Ltd. v. Galvex Estonia OU*, Index No. 113485/06 (N.Y. Sup. Ct.)(individual action for breach of contract involving an Eastern European steel company); *All-Star Carts and Vehicles Inc. v. BFI Canada Income Fund*, 08-CV-1816 LDW (E.D.N.Y.)(class action for violation of the Sherman Antitrust Act pertaining to waste hauling services for small businesses on Long Island); *Petlack v. S.C. Johnson & Son, Inc.*, 08-CV-00820 CNC (E.D. Wisconsin)(class action for violation of Wisconsin consumer protection law pertaining to environmental benefits of household cleaning products); *Wong v. Alacer Corp.*, (San Francisco Superior Court)(class action for violation of California's consumer protection laws pertaining to deceptive representations regarding health benefits of dietary supplement's ability to improve immune system); *Howerton v. Cargill, Inc.* (D. Hawaii)(class action for violation of various consumer protection laws regarding sugar substitute); *Yoo v. Wendy's International, Inc.*, 07-CV-04515 FMC (C.D. Cal.)(class action for violation of California's consumer protection laws pertaining to adverse health effects of partially hydrogenated oils in popular food products).

## The Attorneys of Reese LLP

### Michael R. Reese

Mr. Reese litigates consumer protection and antitrust cases as class actions and on behalf of individual clients. Prior to entering private practice in 2000, Mr. Reese served as an assistant district attorney at the Manhattan District Attorney's Office where he served as a trial attorney prosecuting both violent and white-collar crime.

Achievements by Mr. Reese on behalf of consumers span a wide array of actions. For example, in *Yoo v. Wendy's International Inc.*, Mr. Reese was appointed class counsel by the court and commended on achieving a settlement that eliminated trans-fat from a popular food source. *See Yoo v. Wendy's Int'l Inc.*, No. 07-CV-04515-FMC (JCx) (C.D. Cal. 2007) (stating that counsel "*has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy*"). In *Chin v. RCN Corporation*, Mr. Reese was appointed class counsel and commended by the court for stopping RCN's practice of throttling its Internet customers through adverse network management practices. *See Chin v. RCN Corp.*, No. 08-CV-7349(RJS)(KNF), 2010 WL 3958794, 2010 U.S. Dist. LEXIS 96302 (S.D.N.Y. Sept. 8, 2010) (stating that "*class counsel is qualified, experienced, and able to conduct the litigation*").

Victories by Mr. Reese and his firm include, but are not limited to, a $6.1 million class action settlement in the District of Hawaii in the matter of *Howerton v. Cargill, Inc.* for consumers of Truvia branded sweetener a $6.4 million class action settlement in San Francisco Superior Court in the matter of *Wong v. Alacer Corp.*, for consumers of Emergen-C branded dietary supplement; and, a $25 million dollar settlement for mortgagees in *Huyer v. Wells Fargo & Co.*

Mr. Reese and his firm are frequently appointed as co-lead counsel in food related multi-district litigations, including, but not limited to: *In re Vitaminwater Sales and Marketing Practices Litigation*, case no. 11-md-2215-DLI-RML (E.D.N.Y.); *In re Frito-Lay N.A. "All-Natural" Sales & Marketing Litigation*, case no. 12-md-02413-RRM-RLM (E.D.N.Y.); and, *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litigation*, case no. 19-md-2887-JAR-TT (D. Kansas).

Mr. Reese is a frequent lecturer and author on issues of class actions and food law. Mr. Reese recently co-hosted a two day food law conference with Professor Michael Roberts at UCLA; presented at the Grocery Manufacturers' Association annual conference; presented at Union Internationale des Advocats Annual Congress in Porto, Portugal; and, presented at the Perrin Annual Conference in Chicago. Recent articles on food law and class actions appear in publications by the American Bar Association and the Union Internationale des Advocats.

Mr. Reese is also the chairperson of the Cambridge Forum Conference on Food Fraud and is also an executive committee member of the Plaintiffs' Class Action Roundtable, where he lectured on an annual basis on issues related to class actions.

Mr. Reese is also an adjunct professor at Brooklyn Law School where he teaches on class actions as well as food law.

Mr. Reese also is on the advisory boards for the University of California, Los Angeles School of Law Resnick Center for Food Law and Policy and Wellness in the Schools in New York, New York

Mr. Reese is a member of the state bars of New York and California as well as numerous federal courts. Mr. Reese received his juris doctorate from the University of Virginia in 1996 and his bachelor's degree from New College in 1993.

## Carlos F. Ramirez

Mr. Ramirez is based in New York, and he focuses his practice on the litigation of consumer class actions. Prior to entering private practice in 2001, Mr. Ramirez served as an Assistant District Attorney at the Manhattan District Attorney's Office where he served as a trial attorney prosecuting both violent and white-collar crimes.

Previous and current consumer fraud class actions litigated by Mr. Ramirez include *Coe v. General Mills, Inc.*, No. 15-cv-5112-TEH (N.D. Cal.) (involving false advertisement claims relating to the Cheerios Protein breakfast cereal); *In re Santa Fe Natural Tobacco Company Marketing & Sales Practices Litigation*, 16-md-2695-JB/LF (D.N.M.)(involving the deceptive marketing of cigarettes as "natural" and "additive free"); *Lamar v. The Coca-Cola Company, et al.*, No. 17-CA-4801 (D.C. Superior Ct.) (involving the deceptive marketing of sugar drinks as safe for health); and *Hasemann v. Gerber Products Co.*, case no. 15-cv-02995-MKB-RER (E.D.N.Y.)(case involving misrepresentation of health benefits of baby formula in violation of New York consumer protection laws).

Mr. Ramirez is a member of the state bars of New York and New Jersey. He is also a member of the bars of the U.S. District Courts for the Eastern District of New York and Southern District of New York. Mr. Ramirez received his juris doctorate from the Fordham University School of Law in 1997 and his bachelor's degree from CUNY-Joh Jay College in 1994.

## Sue J. Nam

Ms. Nam is based in New York where she focuses on consumer class actions.

Prior to joining the firm, Ms. Nam was the General Counsel for NexCen Brands, Inc., a publicly traded company that owned a portfolio of consumer brands in food, fashion and homeware.

Previously, Ms. Nam was Intellectual Property Counsel and Assistant Corporate Secretary at Prudential Financial, Inc., and she was an associate specializing in intellectual property and litigation at the law firms of Brobeck Phleger & Harrison LLP in San Francisco, California and Gibson Dunn & Crutcher LLP in New York, New York.

Ms. Nam clerked for the Second Circuit prior to joining private practice.

Ms. Nam received her juris doctorate from Yale Law School in 1994. She received a bachelor's degree with distinction from Northwestern University in 1991.

**George V. Granade II**

Mr. Granade is a partner at Reese LLP based in Los Angeles, California who focuses on consumer class actions. Cases Mr. Granade has worked on include:

- *Barron v. Snyder's-Lance, Inc.*, No. 0:13-cv-62496-JAL (S.D. Fla.) (involving "Snyder's," "Cape Cod," "EatSmart," and "Padrinos" brand food products labeled as "natural" and allegedly containing genetically-modified organisms and other synthetic ingredients);

- *In re: Frito-Lay North America, Inc. "All Natural" Litigation*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y.) (involving "SunChips," "Tostitos," and "Bean Dip" products labeled as "natural" and allegedly containing genetically-modified organisms); and

- *Martin v. Cargill, Inc.*, No. 0:13-cv-02563-RHK-JJG (D. Minn.) (involving "Truvia" sweetener product labeled as "natural" and allegedly containing highly processed ingredients).

Mr. Granade received his juris doctorate from New York University School of Law in 2011. He received a master's degree from the University of Georgia at Athens in 2005 with distinction and a bachelor's degree from the University of Georgia at Athens in 2003, *magna cum laude* and with High Honors.

Mr. Granade is a member of the state bars of Georgia, New York, and California. He is also a member of the bar of the U.S. Courts of Appeals for the Second Circuit and Ninth Circuit, as well as the bars of the U.S. District Courts for the Eastern District of New York, Southern District of New York, Western District of New York, Southern District of Illinois, Northern District of Illinois, Northern District of California, Southern District of California, and Central District of California.

**Maurice L. Hudson**

Mr. Hudson is based in Los Angeles, California, where he brings over a decade of legal experience to our efforts to protect clients and consumers from harmful corporate practices. As a former Assistant Corporation Counsel for the City of New York, Mr. Hudson successfully resolved dozens of federal civil cases brought in the district courts, obtained a favorable jury verdict as co-lead counsel in a multi-party SDNY civil suit, taught CLEs on litigation and constitutional law, trained junior attorneys on conducting depositions, and received the Division Chief's Award for outstanding legal work. After returning to the private sector, Mr. Hudson participated in litigating and negotiating claims on behalf of ordinary patients and consumers alleging injuries by powerful medical and pharmaceutical companies, and has continued to serve vulnerable communities as a volunteer immigration clinic attorney and as a California Social Welfare Archives board member.

While earning a juris doctorate in international law from Case Western Reserve University, Mr. Hudson received numerous honors and awards, including the Community Service Award, the Student Bar Leadership Award, appearances on the Dean's List, and a CALI award for corporate governance. Prior to attending law school, Mr. Hudson taught African American studies at UC Berkeley while earning a master's degree in social welfare and served as director of the Resource Center for Sexual & Gender Diversity at UC Santa Barbara.

In addition to his ongoing work with our firm, Mr. Hudson consults for local education and law enforcement agencies, supervises direct-practice social work interns, and teaches evidence-based practice, program development and social innovation to masters and doctoral students at USC.

## Kate J. Stoia

Ms. Stoia is based in San Francisco, California from where she litigates securities and consumer class actions. Ms. Stoia previously worked at the law firms of Brobeck Phleger & Harrison LLP and Gibson Dunn & Crutcher LLP. Prior to her work as a civil litigator, Ms. Stoia clerked for the Hon. Charles A. Legge of the Northern District of California.

Ms, Stoia is a member of the state bar of California and several federal courts. Ms. Stoia received her juris doctorate from Boalt Hall School of Law, University of California at Berkeley and her bachelor's degree from Columbia University.

## Lance N. Stott

Mr. Stott is based in Austin, Texas from where he litigates consumer class actions. Previous and current consumer fraud class actions litigated by Mr. Stott include *Davis v. Toshiba America Consumer Products* for allegedly defective DVD players; *Bennight v. Pioneer Electronics (USA) Inc. et al.* for allegedly defective television sets; *Spencer v. Pioneer Electronics (USA) Inc. et al.* for allegedly defective DVD players; and, *Okland v. Travelocity.com, Inc.*, for deceptive pricing for online hotel reservations.

Mr. Stott is a member of the state bar of Texas. Mr. Stott received his juris doctorate from the University of Texas in 1996 and his bachelor's degree from New College in 1993.

## Belinda L. Williams

Ms. Williams is based in New York from where she focuses her practice on class actions on behalf of defrauded consumers and investors. Ms. Williams has extensive experience in litigating complex commercial cases.

Ms. Williams is admitted to the bars of several federal courts as well as the state bars of New York and Maryland. Ms. Williams received her juris doctorate from the University of Virginia School of Law in 1986 and her undergraduate degree from Harvard University in 1982.

**<u>EXHIBIT 3</u>**

## SHEEHAN & ASSOCIATES, P.C.

### Spencer Sheehan

Mr. Sheehan represents parties in a range of false advertising litigation. After Mr. Sheehan became an attorney in late 2011, he worked on behalf of municipalities and local government agencies in legal disputes. Following this experience, Mr. Sheehan worked for a plaintiff's law firm representing individuals subjected to violations of state and federal laws related to minimum wage, workplace safety and discrimination.

Of notable actions by Mr. Sheehan on behalf of consumers includes, *Liberski, et al v. Rhapsody International Inc*., San Francisco County, California Superior Court, Case No. No. CGC-12-517061. In 2014, the parties reached a class wide settlement ("Rhapsody Subscriber Litigation Settlement"). Mr. Sheehan, with the California firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, were appointed as lead counsel.

In December 2016, Mr. Sheehan began focusing his practice exclusively on consumer advertising issues exclusively. He has been on the forefront of food labeling cases based on original, instead of derivative types of claims.

For instance, Mr. Sheehan was the first attorney to address "raw" juice products which were alleged to be treated with a non-thermal technology which had substantially the same effects as traditional thermal pasteurization. *See e.g. Campbell v. Freshbev LLC*, Case No. 1:16-cv-07119 (E.D.N.Y.), *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 342 (E.D.N.Y. 2018) ("Therefore, plaintiff has successfully pleaded his GBL §§ 349 and 350 claims with respect to the 'unpasteurized' label on the Cranberry juice."). These cases attempted to apply the applicable law to the effects of novel technologies which were not considered at the time the FDA enacted regulations in this area.

Mr. Sheehan's pro bono work includes representing people with exotic or non-traditional animal companions. This includes his efforts, with local Florida counsel, on behalf of a Floridian who came to possess an alligator over six feet in length, alleged to be in violation of Florida's wildlife laws. Mr. Sheehan's efforts contributed to resolution of that issue and allowed the woman and gator to remain together. *See* John Breslin, Lakeland woman keeps alligator, thanks to efforts of lawyer tied to subway shooter's squirrel eviction case, Florida Record, January 4, 2017.

Mr. Sheehan holds a Bachelor of Science Degree from Georgetown University in Foreign Service (2002) and a Master's Degree in International Relations from the School of Advanced International Studies (SAIS), Johns Hopkins University (2006). Mr. Sheehan obtained a Juris Doctorate from Fordham University School of Law (2010). Mr. Sheehan also was a member of the United States Marine Corps as a Reservist.