UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE ANN CICCIARELLA and TANASHA RIETDYK, *individually on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> – against – <br><br> CALIFIA FARMS, LLC, <br><br> Defendant. | No. 7:19-cv-08785-CS <br><br> [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF FORM OF CLASS NOTICE, AND SCHEDULING OF FINAL APPROVAL HEARING |

Upon consideration of the Motion by Plaintiffs Michelle Ann Cicciarella, Tanasha Rietdyk, Daniel Mitchell, Adriana Pena, Kayla Villanueva, and Kristen Landeros for Preliminary Approval of Settlement, Approval of Form of Class Notice, and Scheduling of Final Approval Hearing, and the entire record herein, the Court grants preliminary approval of the Settlement contained in the Parties' Class Settlement Agreement filed on December 13, 2019 ("Settlement Agreement"), upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning they have in the Settlement Agreement. The Court makes the following findings:

### FINDINGS OF FACT

1.     Plaintiffs bring their Motion for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing before the Court with the consent of Defendant Califia Farms, LLC ("Defendant").

1

2. The Parties, through their counsel, conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims and to determine the strength of the defenses in the Action.

3. The Parties engaged in discovery, where Defendant provided Class Counsel with extensive information and documents.

4. In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

5. The Parties entered into a Settlement Agreement pursuant to which they agreed to settle the Action, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice.

6. The Court has reviewed the Settlement Agreement, including the exhibits attached thereto, and the Declaration of Michael R. Reese and the Declaration and Supplemental Declaration of Carla A. Peak, and exhibits attached thereto, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. **<u>Stay of the Action.</u>** All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

2. **Preliminary Class Certification for Settlement Purposes Only.**  Having made the findings set forth above, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class").  The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Settlement Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Settlement Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.  If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.  Defendant retains all rights to assert that the Action may not be certified as a class action other than for purposes of this Settlement.

3. **Class Definition.**  The Settlement Class is defined as all persons and entities who, from August 7, 2014 to March 5, 2020, both resided in the United States (defined to including both states and territories of the United States) and purchased in the United States any of the Products listed in Exhibit A to the Settlement Agreement.  Excluded from the Settlement Class are: (a) Defendant's officers, directors, employees and attorneys; (b) governmental entities; (c)

the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class.

    4.    **Class Representatives and Class Counsel.**  The Court appoints Michael R. Reese of Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as Class Counsel for the Settlement Class.  Michelle Ann Cicciarella, Tanasha Rietdyk, Daniel Mitchell, Adriana Pena, Kayla Villanueva, and Kristen Landeros are hereby appointed as the Class Representatives.

    5.    **Preliminary Settlement Approval.**  The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Final Approval Hearing provided for below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the Settlement Class.

    6.    **Jurisdiction and Venue.**  The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

    7.    **Final Approval Hearing.**  A Final Approval Hearing shall be held on July 9, 2020 at 10:00 a.m. at the United States District Court for the Southern District Court of New York in Courtroom 621 at 300 Quarropas Street, White Plains, New York, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a), 23(b)(2) and (b)(3); (b) whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement

Agreement; (d) whether Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiffs for Class Representative Incentive Awards should be approved.  The submissions of the Parties in support of the Settlement, including Class Counsel's application for Attorneys' Fees and Expenses and the Class Representative Incentive Awards, shall be filed with the Court no later than forty-two (42) days prior to the deadline for submission of objections and may be supplemented up to seven (7) days prior to the Final Approval Hearing.

       8.    **<u>Administration and Class Notice.</u>**

          a.    The Court accepts the recommendations of Class Counsel and Defendant, and hereby appoints KCC, LLC to serve as Settlement Administrator in accordance with the terms of the Settlement Agreement, and to help implement the terms of the Settlement Agreement.

          b.    The proposed Class Notice, Summary Settlement Notice, and notice methodology described in the Settlement Agreement and in the Declaration of Carla A. Peak and Supplement Declaration of Carla A. Peak (the "Peak Declarations") are hereby approved.

          c.    No later than fourteen (14) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice Plan to commence as described in the Peak Declarations.  Specifically, the Settlement Administrator shall establish a website that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information.  The website shall include materials

agreed upon by the Parties and as further ordered by this Court.

    d.  The Settlement Administrator shall disseminate any remaining notice, as stated in the Settlement Agreement and the Peak Declarations.

    e.  Not later than ten (14) calendar days before the date of the Final Approval Hearing, the Settlement Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) attests to the proper implementation of the Notice Plan.

    f.  The Settlement Administrator mailed or caused the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a) within ten (10) days after the Settlement Agreement was filed with the Court.

  9.  **<u>Findings Concerning Notice.</u>**  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that the notices are written in plain language that are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

10.     **Exclusion from Settlement Class.**  Any Settlement Class Member who wishes to be excluded from the Settlement Class may elect to opt out of the Settlement under this Agreement.  Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period.  Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Settlement Administrator by U.S. Mail a personally signed letter including their name and address and providing a clear statement communicating that they elect to be excluded from the Settlement Class.  Any request for exclusion must be postmarked on or before the Opt-Out Date specified in this Preliminary Approval Order.  Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendant or other Released Persons (as defined in the Settlement Agreement) relating to the claims and transactions released in this Action.

11.     **Objections and Appearances.**  Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date.  Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), and filed with the Court, with a copy delivered to Class Counsel and Defendant's Counsel at the addresses set forth in the Class Notice, no later than the Objection Date.  The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a declaration submitted under penalty of perjury that the objector purchased the Products during the period of time described in the Settlement Class definition or receipt(s)

reflecting such purchase(s); (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) the objector's signature.

Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses and Class Representative Incentive Awards.  Settlement Class Members or their attorneys, who intend to make an appearance at the Final Approval Hearing, must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendant's Counsel, and file the notice of appearance with the Court, no later than twenty (21) days before the Final Approval Hearing, or as the Court may otherwise direct.

Any Settlement Class Member who fails to comply with Section VII.7.6 or VII.7.7 of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action, including, but not limited to, the Released Claims and the releases in Section VIII of the Agreement.

Class Counsel shall have the right, and Defendant shall reserve its right, to respond to any objection no later than seven (7) days before the Final Approval Hearing.  The Party so responding shall file a copy of the response with the Court and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the

individually-hired attorney for the objecting Settlement Class Member, to all Class Counsel, and to Defendant's Counsel.

        12.    **<u>Disclosures.</u>**  The Settlement Administrator, Defendant's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

        13.    **<u>Termination of Settlement.</u>**  This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

        14.    **<u>Effect of Settlement Agreement and Order.</u>**  Class Counsel, on behalf of the Settlement Class, and Defendant entered into the Agreement solely for the purpose of compromising and settling disputed claims.  This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered, or received as evidence of a presumption, concession, or admission on the part of Plaintiffs, Defendant, any member of the

Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession, or admission by any person of any fault, wrongdoing, breach, or liability, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

15. **Retaining Jurisdiction.**  This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.  If the Settlement receives final approval, this Court shall retain jurisdiction over any action to enforce the release provisions in the Settlement Agreement.

16. **Continuance of Hearing.**  The Court reserves the right to adjourn or continue the Final Approval Hearing without further written notice.

The Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

a. Plaintiffs shall file their Motion for Final Approval of the Settlement by no later than May 28, 2020.

b. Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Expenses, and Motion for Incentive Awards by no later than May 28, 2020.

c. Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and the Motion for Incentive Award by no later than June 11, 2020.

d. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than June 11, 2020.

   e. Settlement Class Members who intend to appear at the Final Approval Hearing must file a Notice of Intention to Appear at the Final Approval Hearing by no later than June 18, 2020.

   f. The Settlement Administrator shall file a declaration or affidavit with the Court that confirms the implementation of the Notice Plan pursuant to the Preliminary Approval Order by no later than June 25, 2020.

   g. Class Counsel and Defendant's Counsel shall have the right to respond to any objection by no later than July 2, 2020.

   h. The Final Approval Hearing will take place on July 9, 2020 at 10:00 a.m. at the United States District Court for the Eastern District Court of New York in Courtroom 621 at 300 Quarropas Street, White Plains, New York.

  **SO ORDERED this**  20th  **day of March, 2020:**

*[Signature: Cathy Seibel]*

Honorable Cathy Seibel
United States District Judge