**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHELLE ANN CICCIARELLA et al., individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

CALIFIA FARMS, LLC,

CASE NO. 7:19-cv-08785-CS

**DECLARATION OF MICHAEL R. REESE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF REESE LLP**

I, Michael R. Reese, declare as follows:

1. I am the founding partner of Reese LLP, a law firm established in 2008 that specializes in class action litigation on behalf of consumers and small businesses in both federal and state courts throughout the United States. I am a member in good standing of the state bars of New York and California as well as numerous federal courts, including but not limited to the U.S. District Courts for the Southern, Eastern and Northern Districts of New York; the Northern, Central, Eastern and Southern Districts of California; the Northern and Southern Districts of Illinois; the Eastern District of Wisconsin, and the District of Colorado. I am a member of the federal bars of the U.S. Courts of Appeals for the Second, Seventh, Eighth and Ninth Circuits, before which I have argued numerous appeals. I am a frequent lecturer on class actions and food litigation. I am the co-host of an annual food law conference that brings together major stakeholders in food law and policy, including members from academia, non-governmental organizations, the federal government, major food corporations, and both the plaintiffs and

defense bars. I currently serve as an adjunct law professor at the Brooklyn Law School, where I teach a class entitled *The Law of Class Actions and Other Aggregate Litigation* and another class entitled *Food Law*. I am on the advisory board for Wellness in the Schools (WITS), a non-profit dedicated to providing nutritional education to children. I am on the advisory board for the UCLA School of Law, Resnick Center for Food Law and Policy. My firm and I frequently work with non-profits such as Center for Science in the Public Interest to address deception involving food labeling. Prior to litigating class actions, I was a prosecutor at the Manhattan District Attorney's Office in New York, New York, where I served as trial counsel in prosecuting white-collar and violent felony crimes.

2. I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this consumer class action litigation. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

3. My firm is court appointed co-lead counsel in this litigation. My firm has extensive class action experience, especially as it relates to food related class actions. My firm has been appointed as class counsel in numerous cases involving food related causes of action, including, but not limited to *Ackerman v. Coca-Cola Co.*, Case No. 09-cv-00395-DLI-RLM (E.D.N.Y.); *Frohberg v. Cumberland Packaging Corp.*, Case No. 1:14-cv-0748-RLM (E.D.N.Y.); *Ferrera v. Snyder's-Lance, Inc.*, case no. 13-cv-62496 (S.D. Fla.); *In re General Mills, Inc. Kix Cereal Litig.*, Case No. 2:12-cv-00249-KM-MCA (D.N.J.); *Howerton v. Cargill, Inc.*, Case No. 13-cv-0336 (D. Hawaii); *Rosen v. Unilever United States Inc.*, Case No. 09-02563 JW (N.D. Cal.); and *Yoo v. Wendy's Corp.*, Case No. 07-4515 (C.D. Cal.) (stating that Reese

LLP "has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy").

4. As described below in detail, I have been personally involved in all aspects of my firm's work in this litigation, including the following: prosecution of this action from its inception; discovery; an all-day mediation before an esteemed mediator – Donald Morrow of JAMs in Orange County, California that resulted in the Settlement; and, the briefing of the Motion for Preliminary Approval and briefing of the Motion for Final Approval. Reese LLP has vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement process.

5. Based on my extensive experience, I believe the Settlement to be an outstanding outcome for consumers, and I believe it is fair, reasonable, and adequate under Federal Civil Procedure Rule 23.

**REESE LLP EXPENDED SIGNIFICANT TIME ON THE MATTER**

**A. Pre-Litigation Investigation and the Filing of the Complaint**

6. This matter arises out of Defendant's manufacturing, advertising, selling, and distributing of a variety of Defendants' beverage products ("Products"), which are alleged to have misled consumers due to representation on the Products' label regarding the ingredients, or lack thereof, in the Products.

7. Based on my experience at the Manhattan District Attorney's Office and as an attorney in private practice , I believe the best way to litigate a matter is to conduct a thorough investigation and gather all the facts before initiating a complaint. My firm implements that philosophy in the litigation of its cases and did so in this matter.

8. In accordance with the above, my firm, along with my co-counsel, conducted a

thorough investigation of the claims and ingredients of the Products.

9. In addition, we thoroughly analyzed the legal landscape to determine if the Products' labeling was false or misleading and, if so, how to approach remedying the deception. In particular, we researched and examined the role of the Food and Drug Administration ("FDA"); primary jurisdiction arguments; preemption arguments; FDA rules and regulations regarding these type of products; the "reasonable consumer" standard, as well as various other intricacies associated with consumer class action litigation. We undertook all of this to assess the merits of the potential case, to determine the strength of both the claims and defenses in this matter, and to determine the best manner to pursue this case on behalf of consumers.

10. After completing our initial research and investigation, an initial complaint was filed on September 22, 2019 (Dkt. 1).

**Discovery**

11. The Parties engaged in extensive discovery pursuant the Federal Rule of Civil Procedure 26. Defendants produced more than 79,000 pages of documents, which my firm reviewed.

## C. Mediations and Ultimate Settlement of the Above-Captioned Action

12. The Parties agreed to mediation, and on November 25, 2019 the Parties mediated before Donald L. Morrow, an esteemed mediator with JAMs, in Irvine, California. After a full day of mediation, the Parties agreed to the material terms of a class action settlement. The settlement terms subsequently were memorialized in the Settlement Agreement filed with the Court.

13. My firm, along with co-lead counsel, negotiated an amount for fees and costs only after agreement as to the relief for the class.

14. My firm was involved in the preparation of the motion papers for preliminary approval, which were granted by the Court on March 20, 2020.

15. The schedule attached hereto as Exhibit 1 is a detailed summary of the amount of time, by category, spent by the partners, other attorneys, and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.[1] Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

16. The hourly rates for the partners, other attorneys, and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates that have been used in the lodestar cross check accepted by courts in other class litigation.

17. The total number of hours expended on this litigation by my firm is 388.25 hours. The total lodestar for my firm is $368,762.50.

18. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

19. As detailed in Exhibit 2, my firm has incurred a total of $6,595.77 in un-reimbursed expenses in connection with the prosecution of this litigation.

20. The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the

[1] These records may include information concerning privileged and/or confidential attorney-client communications or work product.

expenses as charged by the vendors. Third-party expenses are not marked up.

21. By agreement between Plaintiffs' Counsel, my firm is not charging separately for the following costs and expenses: secretarial and clerical overtime, including their meals and local transportation; word processing; secretarial/clerical time for document preparation; time charges for routine copying, faxing or scanning; incoming/outgoing fax charges; office supplies (such as paper, binders, etc.); special publications; continuing legal education seminars; working meals for attorneys (with the exception of meals with clients, expert or other witnesses, meals while traveling for the case, or meal expenses for meetings between Plaintiffs' Counsel); and local overtime meals and transportation for attorneys.

22. With respect to the professional standing of counsel in this case, attached hereto as Exhibit 3 is my firm's résumé and brief biographies of the attorneys in my firm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of May 2020, at New York, New York.

*/s/ Michael R. Reese*
Michael R. Reese

**EXHIBIT 1**

***Cicciarella v. Califia Farms***

**No. 19-cv-08785 (S.D.N.Y.)**

**REESE LLP**

**TIME REPORT — Inception through May 28, 2020**

| Name/Position | A | B | C | D | E | F | G | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|
| Michael R. Reese/P | 0.50 | 96.75 | 157.75 | 0.00 | 15.50 | 6.25 | 110.50 | 387.25 | $950 | $367,887.50 |
| Sue J. Nam/P | | 1.0 | | | | | | 1.00 | $875 | $875.00 |
| **TOTAL LODESTAR** | 0.50 | 97.75 | 157.75 | 0.00 | 15.50 | 6.25 | 110.50 | 388.25 | --- | $368,762.50 |

**CATEGORIES**

A. Pre-Filing Investigation and Initial Complaint

B. Legal Research, Pleadings, Briefs, and Motions After Initial Complaint

C. Discovery and Post-Filing Investigation

D. Experts and Consultants

E. Litigation Strategy, Analysis, and Case Management

F. Court Appearances & Preparation

G. Settlement

**POSITION**

P = Partner

A = Associate/Staff Attorney

C = Senior Counsel/Of Counsel

PL = Paralegal

O = Other

**EXHIBIT 2**

***Cicciarella v. Califia Farms***
**No. 19-cv-08785 (S.D.N.Y.)**
**REESE LLP**

**EXPENSE REPORT — Inception through May 28, 2020**

| **Categories:** | **Amount** |
|---|---:|
| Filing/Witness Fees | $0.00 |
| Court Reporters/Transcript/Video | $0.0 |
| Experts/Consultants/Professional Services | $0.0 |
| Mediation | $6,576.27 |
| Transportation to Court | $19.50 |
| **TOTAL EXPENSES:** | $6,595.77 |

**EXHIBIT 3**

# REESE LLP

Reese LLP represents consumers in a wide array of class action litigation throughout the nation. The attorneys of Reese LLP are skilled litigators with years of experience in federal and state courts. Reese LLP is based in New York, New York with offices also in California.

Recent and current cases litigated by the attorneys of Reese LLP on behalf of consumers include the following:

*The Praxis Project, Pastor William Lamar and Pastor Delman Coates v. The Coca-Cola Co.*, case no. 2017 CA0040801-B (Superior Court of the District of Columbia)(consumer action against Coca-Cola for misrepresentations to minority communities in effort to discredit scientific link between sugar sweetened beverages and diabetes and other adverse health effects); *Hasemann v. Gerber Products Co.*, case no. 15-cv-02995-MKB-RER (E.D.N.Y.)(case involving misrepresentation of health benefits of baby formula in violation of New York consumer protection laws); *Worth v. CVS Pharmacy, Inc.*, case no. 16-cv-00498 (E.D.N.Y.); (E.D.N.Y.)(class action for alleged misrepresentations regarding health benefits of dietary supplement); *Roper v. Big Heart Pet Brands, Inc.*, case no. 19-cv-00406-DAD (E.D. Cal.)(class action regarding pet food); *Ackerman v. The Coca-Cola Co.*, 09-CV-0395 (JG) (RML) (E.D.N.Y.)(class action for violation of California and New York's consumer protection laws pertaining to health beverages); *Rapaport-Hecht v. Seventh Generation, Inc.*, 14-cv-9087-KMK (S.D.N.Y.)(class action for violation of California and New York's consumer protection laws pertaining to personal care products); *Berkson v. GoGo, LLC,* 14-cv-1199-JWB-LW (E.D.N.Y.)(class action regarding improper automatic renewal clauses); *Chin v. RCN Corporation*, 08-cv-7349 RJS (S.D.N.Y.)(class action for violation of Virginia's consumer protection law by I.S.P. throttling consumers' use of internet); *Bodoin v. Impeccable L.L.C.*, Index. No. 601801/08 (N.Y. Sup. Ct.)(individual action for conspiracy and fraud); *Young v. Wells Fargo & Co.*, 08-CV-507 (S.D. Iowa)(class action for violation of the RICO Act pertaining to mortgage related fees); *Murphy v. DirecTV, Inc.*, 07-CV-06545 FMC (C.D. Cal.)(class action for violation of California's consumer protection laws); *Bain v. Silver Point Capital Partnership LLP,* Index No. 114284/06 (N.Y. Sup. Ct.)(individual action for breach of contract and fraud); *Siemers v. Wells Fargo & Co.*, C-05-4518 WHA (N.D. Cal.)(class action for violation of § 10(b) of the Securities Exchange Act of 1934 pertaining to improper mutual fund fees); *Dover Capital Ltd. v. Galvex Estonia OU*, Index No. 113485/06 (N.Y. Sup. Ct.)(individual action for breach of contract involving an Eastern European steel company); *All-Star Carts and Vehicles Inc. v. BFI Canada Income Fund*, 08-CV-1816 LDW (E.D.N.Y.)(class action for violation of the Sherman Antitrust Act pertaining to waste hauling services for small businesses on Long Island); *Petlack v. S.C. Johnson & Son, Inc.*, 08-CV-00820 CNC (E.D. Wisconsin)(class action for violation of Wisconsin consumer protection law pertaining to environmental benefits of household cleaning products); *Wong v. Alacer Corp.*, (San Francisco Superior Court)(class action for violation of California's consumer protection laws pertaining to deceptive representations regarding health benefits of dietary supplement's ability to improve immune system); *Howerton v. Cargill, Inc.* (D. Hawaii)(class action for violation of various consumer protection laws regarding sugar substitute); *Yoo v. Wendy's International, Inc.*, 07-CV-04515 FMC (C.D. Cal.)(class action for violation of California's consumer protection laws pertaining to adverse health effects of partially hydrogenated oils in popular food products).

## The Attorneys of Reese LLP

### Michael R. Reese

Mr. Reese litigates consumer protection and antitrust cases as class actions and on behalf of individual clients. Prior to entering private practice in 2000, Mr. Reese served as an assistant district attorney at the Manhattan District Attorney's Office where he served as a trial attorney prosecuting both violent and white-collar crime.

Achievements by Mr. Reese on behalf of consumers span a wide array of actions. For example, in *Yoo v. Wendy's International Inc.*, Mr. Reese was appointed class counsel by the court and commended on achieving a settlement that eliminated trans-fat from a popular food source. *See Yoo v. Wendy's Int'l Inc.*, No. 07-CV-04515-FMC (JCx) (C.D. Cal. 2007) (stating that counsel "***has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy***"). In *Chin v. RCN Corporation*, Mr. Reese was appointed class counsel and commended by the court for stopping RCN's practice of throttling its Internet customers through adverse network management practices. *See Chin v. RCN Corp.*, No. 08-CV-7349(RJS)(KNF), 2010 WL 3958794, 2010 U.S. Dist. LEXIS 96302 (S.D.N.Y. Sept. 8, 2010) (stating that "***class counsel is qualified, experienced, and able to conduct the litigation***").

Recent victories by Mr. Reese and his firm include a $6.1 million class action settlement in the District of Hawaii in the matter of *Howerton v. Cargill, Inc.* for consumers of Truvia branded sweetener a $6.4 million class action settlement in San Francisco Superior Court in the matter of *Wong v. Alacer Corp.*, for consumers of Emergen-C branded dietary supplement; and, a $25 million dollar settlement for mortgagees in *Huyer v. Wells Fargo & Co.*

Mr. Reese and his firm are frequently appointed as co-lead counsel in food related multi-district litigations, including, but not limited to: *In re Vitaminwater Sales and Marketing Practices Litigation*, case no. 11-md-2215-DLI-RML (E.D.N.Y.); *In re Frito-Lay N.A. "All-Natural" Sales & Marketing Litigation*, case no. 12-md-02413-RRM-RLM (E.D.N.Y.); and, *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litigation*, case no. 19-md-2887-JAR-TT (D. Kansas).

Mr. Reese is a frequent lecturer and author on issues of class actions and food law. Mr. Reese recently co-hosted a two day food law conference with Professor Michael Roberts at UCLA; presented at the Grocery Manufacturers' Association annual conference; presented at Union Internationale des Advocats Annual Congress in Porto, Portugal; and, presented at the Perrin Annual Conference in Chicago. Recent articles on food law and class actions appear in publications by the American Bar Association and the Union Internationale des Advocats.

Mr. Reese is also the chairperson of the Cambridge Forum Conference on Food Fraud and is also an executive committee member of the Plaintiffs' Class Action Roundtable, where he lectured on an annual basis on issues related to class actions.

Mr. Reese is also an adjunct professor at Brooklyn Law School where he teaches on class actions as well as food law.

Mr. Reese also is on the advisory boards for the University of California, Los Angeles Scholl of Law Resnick Center for Food Law and Policy and Wellness in the Schools in New York, New York

Mr. Reese is a member of the state bars of New York and California as well as numerous federal courts. Mr. Reese received his juris doctorate from the University of Virginia in 1996 and his bachelor's degree from New College in 1993.

**Sue J. Nam**

Ms. Nam is based in New York where she focuses on consumer class actions.

Prior to joining the firm, Ms. Nam was the General Counsel for NexCen Brands, Inc., a publicly traded company that owned a portfolio of consumer brands in food, fashion and homeware.

Previously, Ms. Nam was Intellectual Property Counsel and Assistant Corporate Secretary at Prudential Financial, Inc., and she was an associate specializing in intellectual property and litigation at the law firms of Brobeck Phleger & Harrison LLP in San Francisco, California and Gibson Dunn & Crutcher LLP in New York, New York.

Ms. Nam clerked for the United States Court of Appeals for the Second Circuit prior to joining private practice.

Ms. Nam received her juris doctorate from Yale Law School in 1994. She received a bachelor's degree with distinction from Northwestern University in 1991.

**Carlos F. Ramirez**

Mr. Ramirez is based in New York, and he focuses his practice on the litigation of consumer class actions. Prior to entering private practice in 2001, Mr. Ramirez served as an Assistant District Attorney at the Manhattan District Attorney's Office where he served as a trial attorney prosecuting both violent and white-collar crimes.

Previous and current consumer fraud class actions litigated by Mr. Ramirez include *Coe v. General Mills, Inc.*, No. 15-cv-5112-TEH (N.D. Cal.) (involving false advertisement claims relating to the Cheerios Protein breakfast cereal); *In re Santa Fe Natural Tobacco Company Marketing & Sales Practices Litigation*, 16-md-2695-JB/LF (D.N.M.)(involving the deceptive marketing of cigarettes as "natural" and "additive free"); *Lamar v. The Coca-Cola Company, et al.*, No. 17-CA-4801 (D.C. Superior Ct.) (involving the deceptive marketing of sugar drinks as safe for health); and *Hasemann v. Gerber Products Co.*, case no. 15-cv-02995-MKB-RER (E.D.N.Y.)(case involving misrepresentation of health benefits of baby formula in violation of New York consumer protection laws).

Mr. Ramirez is a member of the state bars of New York and New Jersey. He is also a member of the bars of the U.S. District Courts for the Eastern District of New York and Southern District of New York. Mr. Ramirez received his juris doctorate from the Fordham University School of Law in 1997 and his bachelor's degree from CUNY-Joh Jay College in 1994.

**George V. Granade II**

Mr. Granade is a partner at Reese LLP based in Los Angeles, California who focuses on consumer class actions. Cases Mr. Granade has worked on include:

- *Barron v. Snyder's-Lance, Inc.*, No. 0:13-cv-62496-JAL (S.D. Fla.) (involving "Snyder's," "Cape Cod," "EatSmart," and "Padrinos" brand food products labeled as "natural" and allegedly containing genetically-modified organisms and other synthetic ingredients);

- *In re: Frito-Lay North America, Inc. "All Natural" Litigation*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y.) (involving "SunChips," "Tostitos," and "Bean Dip" products labeled as "natural" and allegedly containing genetically-modified organisms); and

- *Martin v. Cargill, Inc.*, No. 0:13-cv-02563-RHK-JJG (D. Minn.) (involving "Truvia" sweetener product labeled as "natural" and allegedly containing highly processed ingredients).

Mr. Granade received his juris doctorate from New York University School of Law in 2011. He received a master's degree from the University of Georgia at Athens in 2005 with distinction and a bachelor's degree from the University of Georgia at Athens in 2003, *magna cum laude* and with High Honors.

Mr. Granade is a member of the state bars of Georgia, New York, and California. He is also a member of the bar of the U.S. Courts of Appeals for the Second Circuit and Ninth Circuit, as well as the bars of the U.S. District Courts for the Eastern District of New York, Southern District of New York, Western District of New York, Southern District of Illinois, Northern District of Illinois, Northern District of California, Southern District of California, and Central District of California.

**Maurice L. Hudson**

Mr. Hudson is based in Los Angeles, California, where he brings over a decade of legal experience to our efforts to protect clients and consumers from harmful corporate practices. As a former Assistant Corporation Counsel for the City of New York, Mr. Hudson successfully resolved dozens of federal civil cases brought in the district courts, obtained a favorable jury verdict as co-lead counsel in a multi-party SDNY civil suit, taught CLEs on litigation and constitutional law, trained junior attorneys on conducting depositions, and received the Division Chief's Award for outstanding legal work. After returning to the private sector, Mr. Hudson participated in litigating and negotiating claims on behalf of ordinary patients and consumers alleging injuries by powerful medical and pharmaceutical companies, and has continued to serve

vulnerable communities as a volunteer immigration clinic attorney and as a California Social Welfare Archives board member.

While earning a juris doctorate in international law from Case Western Reserve University, Mr. Hudson received numerous honors and awards, including the Community Service Award, the Student Bar Leadership Award, appearances on the Dean's List, and a CALI award for corporate governance. Prior to attending law school, Mr. Hudson taught African American studies at UC Berkeley while earning a master's degree in social welfare and served as director of the Resource Center for Sexual & Gender Diversity at UC Santa Barbara.

In addition to his ongoing work with our firm, Mr. Hudson consults for local education and law enforcement agencies, supervises direct-practice social work interns, and teaches evidence-based practice, program development and social innovation to masters and doctoral students at USC.

**Kate J. Stoia**

Ms. Stoia is based in San Francisco, California from where she litigates securities and consumer class actions. Ms. Stoia previously worked at the law firms of Brobeck Phleger & Harrison LLP and Gibson Dunn & Crutcher LLP. Prior to her work as a civil litigator, Ms. Stoia clerked for the Hon. Charles A. Legge of the Northern District of California.

Ms, Stoia is a member of the state bar of California and several federal courts. Ms. Stoia received her juris doctorate from Boalt Hall School of Law, University of California at Berkeley and her bachelor's degree from Columbia University.

**Lance N. Stott**

Mr. Stott is based in Austin, Texas from where he litigates consumer class actions. Previous and current consumer fraud class actions litigated by Mr. Stott include *Davis v. Toshiba America Consumer Products* for allegedly defective DVD players; *Bennight v. Pioneer Electronics (USA) Inc. et al.* for allegedly defective television sets; *Spencer v. Pioneer Electronics (USA) Inc. et al.* for allegedly defective DVD players; and, *Okland v. Travelocity.com, Inc.*, for deceptive pricing for online hotel reservations.

Mr. Stott is a member of the state bar of Texas. Mr. Stott received his juris doctorate from the University of Texas in 1996 and his bachelor's degree from New College in 1993.

**Belinda L. Williams**

Ms. Williams is based in New York from where she focuses her practice on class actions on behalf of defrauded consumers and investors. Ms. Williams has extensive experience in litigating complex commercial cases.

Ms. Williams is admitted to the bars of several federal courts as well as the state bars of New York and Maryland. Ms. Williams received her juris doctorate from the University of Virginia School of Law in 1986 and her undergraduate degree from Harvard University in 1982.