UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE ANN CICCIARELLA and TANASHA RIETDYK, *individually on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>– against –<br><br>CALIFIA FARMS, LLC,<br><br>Defendant. | No. 7:19-cv-08785-CS<br><br>**FINAL ORDER AND JUDGMENT** |

On March 20, 2020, this Court granted the motion of Plaintiff Michelle Ann Cicciarella, Tanasha Rietdyk, Daniel Mitchell, Adriana Pena, Kayla Villanueva, and Kristen Landeros ("Plaintiffs") for preliminary approval of the Settlement Agreement[1] and certification of the Settlement Class as defined below. *See* ECF No. 22.

Commencing on April 13, 2020, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, KCC, LLC. (the "Settlement Administrator") began providing notice to Settlement Class Members in compliance with the Settlement Agreement and the Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. *See* Declaration of Carla A. Peak re: Notice Procedures filed on May 28, 2020 (ECF No. 23-6).

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

1

The notice:

(a) fully informed Settlement Class Members about the above captioned-action ("Action") and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Approval hearing.

On July 9, 2020, the Court held a Final Approval hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Action with prejudice. The Court reviewed (a) the Motion for Final Approval (ECF No. 23)(the "Motion") and all supporting materials, including but not limited to the Settlement Agreement; (b) objections and other correspondence from class members filed with the Court; and (c) the Parties' responses to the objections and other correspondence from class members. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, as well as those stated on the record at the Final Approval hearing held on July 9, 2020, the Court finds good cause to grant the Motion.

**IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts,

the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

5. No Class Members requested exclusion from the Settlement. *See* Supplemental Declaration of Carla A. Peak Re: Notice Procedures filed July 2, 2020 (ECF No. 25-1) at ¶ 7.

6. The Court has considered all objections and for the reasons stated on the record at the July 9, 2020 Final Approval hearing finds that they do not warrant or support rejection or non-approval of the Settlement. All objections are hereby overruled in all respects. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

## CERTIFICATION OF THE SETTLEMENT CLASS

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All purchasers nationwide of all Califia Products listed in Exhibit A to the Settlement Agreement from August 7, 2014 through March 5, 2020.

The Settlement Class specifically excludes: (a) any claims for personal injury; (b) Defendant's officers, directors, employees and attorneys; (c) governmental entities; (c) and the Court, the Court's immediate family, and the Court's staff.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order (ECF No. 22) regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Plaintiffs as the Class Representatives and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of Michael R. Reese of Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as counsel for the Settlement Class. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Settlement Class described above is certified solely for the purpose of the settlement described in the Settlement Agreement. The Court finds and orders that Defendant has not conceded that this Action or any similar case is amenable to class certification for purposes of litigation, and orders that nothing in this Final Order or in the Settlement Agreement shall prevent Defendant or Plaintiffs from opposing or supporting class certification, or seeking decertification, if this Final Order approving the Settlement Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

**NOTICE TO THE CLASS**

12. The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

13. The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

**ATTORNEYS' FEES AND COSTS, INCENTIVE AWARD**

14. The Court awards Plaintiffs' Counsel for $750,000.00 in fees and reimbursement expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from pursuant to the procedures in Sections 6.1, 6.4 and 6.8 of the Settlement Agreement.

15. The Court awards each of the Plaintiffs $5,000 (for a total of $30,000) as Incentive Awards. The Court finds this amount is justified by Plaintiffs' service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in Sections 6.2, 6.5 and 6.9 of the Settlement Agreement.

**RELEASES**

16. The Court releases and forever discharges the Released Parties from each of the Released Claims, as provided in the Settlement Agreement. The releasors are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed as broadly as possible to ensure complete finality over this Action involving the advertising, labeling, and marketing of the Products as set forth herein. The full terms of the release described in this paragraph are set forth in Sections 2.33–2.34 and 8.1-8.6 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Plaintiffs and each Settlement Class Member are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that,

if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any similar federal or state laws, rights, rules, or legal principle that is similar, comparable, or equivalent to California Civil Code § 1542.

### **OTHER PROVISIONS**

17. Subject to the terms and conditions of the Settlement Agreement, the Court enters an injunction against Defendant requiring it to comply with the requirements in Section III of the Settlement Agreement.

18. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement Agreement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of: (a) liability, fault, wrongdoing, or violation of any law, (b) the validity or certifiability for litigation purposes of the Settlement Class, (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action, or (d) the infirmity of any defenses to Plaintiffs' claims or allegations.

19. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.  This Final Approval Order and the Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted or attempted against the Released Parties in such capacity

with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.

20.     The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

21.     Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

22.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED this 17th day of July, 2020:**

*Cathy Seibel*

_____

Honorable Cathy Seibel

United States District Judge